Per Curiam.
 

 It is very correct to say that a plaintiff or defendant cannot discredit a witness produced by himself, but the reason of this rule does not apply to the case before us. If a inao could discredit a witness, called by himself, he might, having the means of discrediting her in his own power, pass for true that which she swore if it made for him, but destroy the effect if it made against him. Here the witness was not produced by the defendant. It would be of dangerous consequence if when, produced by the plaintiff the defendant could not interrogate the witness except as to the facts which she had deposed for the plaintiff: For then all distinct facts within her knowledge, however much they would operate for the benefit of the defendant, if brought aut, must remain undrawn from the witness, for fear of the defendant’s, being precluded Irom the advantage of proving her want of credit. The question asked by the defendant’s counsel on the present occasion, is to be considered as an interrogatory as to a distinct fact upon the cross examination of the witness, although it was put to her after her first examination was desisted from, for some time, and other witnesses examined in. the intermedíate time between her first examination and being; called again»
 

 
 *398
 
 The witnesses to discredit her were sworn. The court doubt» ed for some time whether the deliverer of a notice to lake dcpo-positions, could be sworn as to the time he gave notice, before the commissioners appointed to take the depositions; hut several of the bar informing him that was the usual practise; thfr com t said as it was so, he could not alter it.