L. O. CHESTER et al. v. J. E. WILHELM.

*Evidence— Witnesses—Impeachment of One's Own Witness.*

The rule which prevents a party from impeaching the credibility of his
    own witness does not preclude him from showing the fact to be
    otherwise than testified to by such witness, even though the effect
    of such showing is to impeach his credibility.

This was a CIVIL ACTION, commenced before a Justice of
the Peace, for the recovery of $125 due plaintiffs by defend-
ants upon a verbal contract for the sale of a crop of
ungathered tobacco growing in a field, tried before *McIver*,
*J.*, at the May Term, 1892, of IREDELL Superior Court upon
appeal by the defendants from the Justice's Court.

The defendants admitted the purchase by them of the
tobacco at the said sum of $125, and set up a counterclaim
of $75 for damages to said tobacco, for alleged failure on the
part of plaintiffs to worm and sucker said tobacco according
to contract.

(The other counterclaims set up in defendants' answer
were admitted by plaintiffs.)

The defendants, admitting the contract sued on and hav-
ing set up counterclaim in damages, the Court ruled that the
burden of proof was on the defendants and that they had the
right to open and conclude the case.   There was no objection
to said ruling.

The defendants then introduced one of the plaintiffs, L. O.
Chester, who testified that he and his son (the other plain-
tiff) contracted with the defendants for the sale of the tobacco
for the sum of $125, and that they (plaintiffs) were to worm
and sucker the tobacco until the same was ripe, and to assist
the defendants in housing the same; that that they did worm
and sucker said tobacco according to contract, but that
defendants allowed it to remain in the field some ten days or

more after it was ripe, and if the same was damaged, it was done during this time, without any fault of plaintiffs, but by the negligence of the defendants; that plaintiffs fully complied with their part of the contract.

The defendants next introduced one Redmon, who testified that he did not know anything about the sale of the tobacco, or the contract, but that he saw the tobacco after it was put in the barn and before it was cured. That there were "suckers" on the tobacco from one to two weeks old—some of them ten inches to a foot long; that said tobacco was somewhat worm-eaten.

The defendants next introduced one Clendennin, who commenced to testify as to the condition of the tobacco, when plaintiffs asked him if he knew the tobacco in controversy, and he said that he did not, but it was pointed out to him as the same tobacco by one of the defendants.

Plaintiffs then objected to his testifying as to the condition of the tobacco. The Court allowed said witness to proceed, and allowed said evidence to be given, subject to the opinion of the Court as to its competency. The defendants made no exception to this ruling of the Court.

The Court excluded the testimony upon the ground that it tended to contradict the witness Chester, first introduced, and the Court intimated that it would instruct the jury that if they believed the witness Chester, the defendant was not entitled to recover on his said counterclaim. The defendant insisted that he might contradict the witness by other evidence, whereupon his Honor charged as he intimated he would.

Verdict for plaintiffs. Motion for a new trial. Motion overruled, judgment for the plaintiffs. Appeal by defendants.

No counsel for plaintiffs.
*Messrs. Bingham & Caldwell* (by brief), for defendant.

MacRae, J.: The sole point in this case arises upon the exclusion by his Honor of testimony offered by defendants tending to contradict the testimony of one of the plaintiffs who had been introduced and testified also for the defendants. The evidence was admitted subject to the exception of plaintiffs, and was afterwards excluded " upon the ground that it tended to contradict the witness Chester first introduced." The fact that the witness offered by defendants and whose testimony defendants proposed to contradict by another witness, was one of the plaintiffs, cannot affect the principle—"A party may prove that the fact is not as it is stated to be by one of his witnesses, for that is merely showing a mistake to which the best of men are liable." *Spencer* v. *White*, 1 Ired., 236. But he is not at liberty to assail his reputation for truth and thus destroy his credit before the tryers. *Strudwick* v. *Brodnax*, 83 N. C., 401.

The testimony of no one or more witnesses precludes the party who introduces them from proving the contrary, and this, notwithstanding the indirect impeachment of their credibility in the repugnance of their evidence. This is not a violation of the rule that a party cannot discredit his own witness. *Gadsby* v. *Dyer*, 91 N. C , 311 ; *McDonald* v. *Carson*, 94 N. C., 497.

We think that his Honor erred in excluding the testimony of the witness Clendennin as to the condition of the tobacco.

New Trial.