84 641
s184s501

## Illinois Steel Co. v. Michael Novak.

1. FORMS—*Of Declaration Against a Corporation for Assault and Battery.*—The court gives and approves a declaration as a statement of a good cause of action for an assault and battery committed by a servant of a corporation.

2. ASSAULT AND BATTERY—*Gist of the Action for.*—The gist of every assault and battery is the force and unlawfulness of the act.

3. SAME—*Reasonable Force in Removing Intruders.*—The law justifies the use of reasonable force to expel an intruder who refuses to comply with a command to depart from the premises of another, and if the owner, or one authorized by him, exercises only such reasonable force as is necessary to eject the intruder, it affords a complete defense to an action for damages because of such forcible expulsion.

4. SAME—*Use of Reasonable Force a Matter of Defense.*—The use of only reasonable and necessary force is a matter of defense, and it is for the defendant to justify under the protection that the law affords him if he has used only so much force as was reasonable and necessary.

5. MASTER AND SERVANT—*When Liable for the Acts of a Servant.*—Where a person sworn in by the police department of the city of Chicago, to act as special policeman to protect the property of a corporation, ejects trespassers, etc., and reports for duty and instructions to the foremen of the corporation, and acts in pursuance of instructions received from them, he is in law the servant of the corporation, and it is responsible for whatever excessive force he uses in the performance of his duties.

Trespass, for assault and battery. Appeal from the Circuit Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 20, 1899.

KEMPER K. KNAPP, attorney for appellant; ELBERT H. GARY, of counsel.

JULIUS F. SMIETANKA and J. WARREN PEASE, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee recovered a verdict and judgment for $1,000 in his action on the case against the appellant, for an alleged assault and battery committed upon his person by a servant of the appellant.

The correctness of the judgment is challenged upon various grounds, the principal ones being that the verdict is against the weight of evidence and is excessive; that the evidence was variant from and does not sustain the declaration, and for error in instructions given at the request of appellee. The declaration states the cause of action as follows:

" And the plaintiff further alleges that upon the day aforesaid he was lawfully upon the premises of the said defendant, and was conducting himself in a peaceable and orderly manner, and that thereupon a certain servant of the said defendant, engaged upon his master's business and acting in the scope of his authority as such servant, with force and arms, and without right and provocation, wantonly, willfully, carelessly and negligently did commit an assault upon the said plaintiff, and thereupon violently beat the said plaintiff and greatly wounded and ill-treated him, and thereupon beat him over the shoulders with a certain club or cudgel, then in the hands of said servant of the said defendant, and thereupon knocked him down upon the ground or floor of the premises of said defendant, and greatly maltreated him in the premises."

Such we regard to be the statement of a good cause of action for an assault and battery committed by a servant.

At the instance of appellee the court, in one or more instructions, told the jury that though they should believe from the evidence the plaintiff had no right to remain upon appellant's premises after he was commanded to leave, etc., still if, in ejecting him, more force was used than was reasonably necessary, he was entitled to recover.

No fault is found with the law as stated in the instructions, but it is contended that the use of excessive force is not declared upon as the wrong that was committed against the plaintiff; that the only wrong complained of is an assault " without right or provocation," and not the use of excessive force in a rightful ejectment of plaintiff, and hence the element of excessive force entering into the instructions authorized the jury to return a verdict upon a cause of action not stated in the declaration.

The gist of every assault and battery is the force and

unlawfulness of the act. There is no such thing as a lawful assault and battery.

When, therefore, the declaration alleged an assault and battery, it alleged a forcible and unlawful act.

If the force employed were justifiable and necessary, it was matter of defense. It was not for the plaintiff to allege the lawfulness of the use of force after a request to the plaintiff to depart, and then negative its applicability because of the excess of force employed.

The law justifies the use of reasonable force to expel an intruder who refuses to comply with a command to depart from the premises of another, and if the owner or one authorized by him exercises only such reasonable force as is necessary to eject the intruder, it affords a complete defense to an action for damages because of the forcible expulsion. But the use of only reasonable and necessary force is a matter of defense, and it is for the defendant to justify, under the protection that the law affords him, if he has used only so much force as was reasonable and necessary.

Woodman v. Howell, 45 Ill. 367, cited by both parties, was the case of an assault and battery, alleged in the usual form, to which the defendant pleaded the request to the plaintiff to leave the premises, his refusal, and the ensuing ejection of him with no more force than was necessary.

The plea was held to be good in law, and to be sustained by the proof.

Without, so far as we have observed, any objection being made to the evidence upon the ground of the insufficiency of the declaration to support it, or of it being variant from the declaration, all the circumstances of the alleged assault and battery, and of its justification, were gone into by both sides.

It thus became a question for the jury whether the force that was used to eject the plaintiff was reasonable and necessary, or was excessive, and we think the court properly instructed the jury.

The pleadings, the theory upon which the evidence shows the case was tried on both sides, and the instructions for

both parties, all show that the entire issue was before the jury, and, if not in a strictly formal manner, all formal objections must be considered as having been waived.

The evidence is conflicting as to the amount of force that was used in behalf of appellant, and of resistance made by appellee, as is usual in cases of this character, and it is not unreasonable to suppose that the jury acted dispassionately and with due regard for all the evidence, for we might look for a much larger verdict, if but the testimony on the side of the plaintiff were considered.

We have fully considered all the evidence, and are unable, under the rules governing us, to say that the verdict was wrong, either in amount or for being opposed to the weight of evidence.

The point that appellant is not responsible for the acts of Shannon in committing the alleged assault upon the appellee is not well taken.

He was sworn in by the police department of the city of Chicago to act as a special policeman to protect appellant's property and eject trespassers, but he reported for duty and instructions to the foremen of appellant, and acted in pursuance of instructions received from them. He was in law the servant of appellant, and for whatever excessive force he used in the performance of his duties his master was responsible.

We discover no substantial error in the record, and the judgment of the Circuit Court is affirmed.