## George Adler, Defendant in Error, v. White City Construction Company, Plaintiff in Error.

### Gen. No. 14,374.

TORTS—*when private corporation not liable for acts of special policeman.* Illegal acts by a special police officer consisting of an assault, etc., will not be legally attributed to a private corporation paying the salary of such officer where it does not appear that such officer was employed in any other capacity than as a policeman, or that such corporation had or exercised any control over him as a policeman or otherwise, or that such officer was charged with or had ever performed while in the service of such corporation duties other than those pertaining to the office of a policeman, or that in doing what he did he was enforcing any regulation or by-law of such corporation or any order of any of its officers or agents; it appearing that the illegal acts complained of were committed without the knowledge or direction of any officer or agent of such corporation.

Tort. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed February 16, 1909. Rehearing denied March 12, 1909.

DANIEL W. SCANLAN, for defendant in error; CHARLES S. FRANK, of counsel.

FELSENTHAL, FOREMAN & BECKWITH, for plaintiff in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us for review a judgment for $1000 recovered by defendant in error against plaintiff in error in the Municipal Court in an action of the fourth class, in tort, for an assault and battery committed upon him by Carr and Griebenow.

The only question necessary to decide is, whether from the facts and circumstances shown by the evidence, the jury might properly find the defendant company responsible for the acts of Carr and Griebenow.

The defendant in the summer of 1906 had and maintained, in Chicago, an amusement park known as the White City. It granted to the Sherman House Hotel Company a concession to sell drinks in an open space in said park called the plaza. Plaintiff was employed by said Hotel Company as a waiter. A quarrel arose between plaintiff and Fenton a barkeeper and Wylie, the head waiter of the Hotel Company. Wylie discharged plaintiff from the service of the Hotel Company and called McCarthy and told him to take plaintiff, "out of here." The ordinances of the city of Chicago provide that the general superintendent of police of the city: "shall have power on the application of any person or persons showing the necessity therefor, to appoint and swear in any additional number of special patrolmen to do special duty at any fixed place within the city, at the charge and expense of the person or persons by whom the application is made, and shall keep a correct list of all persons so appointed. He shall issue a special certificate of appointment to each of said special patrolmen and shall, upon receiving a deposit sufficient to cover the cost thereof, provide them with suitable badges, which shall be worn by them while on duty and be returned to said general superintendent upon the termination of their appointment.

"Persons so appointed shall conform to and be subject to all the rules and regulations governing the police force of the city, and to such special rules and regulations as the general superintendent may make concerning such police patrolmen. They shall possess all the powers, privileges and duties of the regular police patrolmen at the places for which they are respectively appointed, and may be removed or discharged from service at any time by the superintendent without assigning any cause therefor."

McCarthy, Griebenow and Carr were appointed and sworn in as special patrolmen to do duty at the White City during the summer of 1906, by the general Super-

intendent of police of Chicago. It was admitted by the defendant at the trial that they were so appointed at the request of the defendant, "to do special police duty at the White City for the season of 1906 and were acting as such special police officers on June 9, 1906, (the day of the assault) at the White City." They were paid by the defendant and Griebenow was designated Chief of the White City police by the general manager of the defendant.

McCarthy took plaintiff to a room near the 64th street exit from the park, used as the headquarters of the White City police, where he was kept some time. Griebenow then went to the room where plaintiff was, and was told by McCarthy the plaintiff had been discharged and that Wylie, who had charge of the plaza, wanted him removed, "out of there." Griebenow told plaintiff that he had been discharged, that he had better go out of the park through the 64th street exit. When plaintiff went to work he left his street coat and hat in a check room and put on a waiter's jacket and vest. He told Griebenow that he would not go out until he got his clothes; that his clothes were in the check room, and Griebenow directed Carr to take him out of the park, through said exit, and take him by way of South Park avenue to the check room, get his clothes and see that he left the park. The testimony for the plaintiff tended to prove that Griebenow then struck plaintiff; that Carr took him out of the gate and on the way to the check room struck and severely injured him.

In the cases cited and relied on by the defendant in error it appeared that the servant, for whose wrongful act the defendant was held liable, was employed by the defendant in a dual capacity. In Illinois Steel Company v. Novak, 84 Ill. App. 641, he was sworn in as a special policeman but he "reported for duty to the foreman of the defendant and acted in pursuance of instructions received from them." In Dickson v. Waldron, 135 Ind. 507, Kiley, who made the assault on the plaintiff, was the head janitor and a doorkeeper

of the theater of the defendants. He was appointed a special policeman, but was not relieved of any of his former duties in the theatre after such appointment. Plaintiff became engaged in a quarrel with defendant's ticket seller, claiming that he had not received the proper change on a purchase of tickets, and the ticket seller ordered Kiley to arrest plaintiff and Kiley struck him.

In Brill v. Eddy, 115 Mo. 596, McMahan was employed by the defendant as a watchman and was appointed a police officer. In the opinion it was said, p. 605: "McMahan was the paid servant of defendants and as such charged with the performance of other duties than those pertaining to the office of a policeman. At the time of the accident he was enforcing the rules and regulations prescribed by the defendants. In attempting to remove the boy from the car he was not doing, or intending to do, any act devolving on him as an officer of the law, and the fact that he had been appointed a special policeman has nothing whatever to do with this case."

In this record there is no evidence tending to show that Griebenow and Carr were employed by the defendant in any other capacity than as policeman, or that the defendant had or exercised any control over them as policemen or otherwise, or that they were charged with or had ever performed, while in the service of defendant, any duties other than those appertaining to the office of a policeman, or that in doing what they did, they were enforcing or attempting to enforce any regulation or by-law of the defendant, or any order of any officer or agent of the defendant. If Wylie's order or request to McCarthy to take plaintiff "out of here" can be considered as an order or request to take plaintiff, not out of the plaza, but out of the park, still Wylie was not in the employ of the defendant, but of the Hotel Company, and his order cannot be held to be an order of the defendant. The fact that the general manager of the defendant designated

Griebenow chief of the White City police did not in any manner change or affect Griebenow's relation to the defendant.

The acts of Griebenow and Carr were committed without the knowledge or direction of any officer or agent of the defendant. Their appointment as policemen by the superintendent of police of Chicago, although made at the designation of the defendant, and the defendant paid them for their services as policemen, did not make them the servants of the defendant. Tolchester Beach Co. v. Steinmeier, 72 Md. 313; Healey v. Lothrop, 171 Mass. 263; Newell Mal. Pros. 81.

In our opinion the evidence in this record is not sufficient to warrant or support a finding by the jury that Griebenow and Carr were employed by the defendant in any other capacity than as policemen, nor a finding of any facts or circumstances from which the jury might properly find that the assault on the plaintiff was an act done by Griebenow and Carr within the line or scope of their employment by the defendant while engaged in the defendant's business with a view to the furtherance of that business, and the court therefore erred in denying defendant's motion for a new trial.

The judgment of the Municipal Court will be reversed and the cause remanded.

*Reversed and remanded.*