## GOLD v. ARMER.

(Supreme Court, Appellate Division, Third Department. September 14, 1910.)

1. ARREST (§ 63*)—BY PEACE OFFICER WITHOUT WARRANT—FELONY.

A peace officer may make an arrest without a warrant, when a felony has been committed and he has reasonable cause for believing the person to be arrested to have committed it, under Code Cr. Proc. § 177; but he cannot arrest for a misdemeanor without a warrant, unless the crime has actually been committed.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 145–156; Dec. Dig. § 63.*]

2. ARREST (§ 64*)—BY PRIVATE PERSON—FELONY.

A private person may arrest for a felony, when the person arrested has committed it, under Code Cr. Proc. § 183.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 157–160; Dec. Dig. § 64.*]

3. ARREST (§ 64*)—BY PRIVATE PERSON—WITHOUT WARRANT—MISDEMEANOR.

A private person cannot make an arrest for a misdemeanor without a warrant, unless the crime has been committed or attempted.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 157–160; Dec. Dig. § 64.*]

4. FALSE IMPRISONMENT (§ 7*)—DEFENSES—EVIDENCE.

When a peace officer or a private person is sued for unlawful arrest for a misdemeanor, they must show, not only that the misdemeanor was committed, but that the person arrested committed or attempted to commit it.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 30, 31, 47; Dec. Dig. § 7.*]

5. FALSE IMPRISONMENT (§ 7*)—BY PRIVATE PERSON—MISDEMEANOR—WITHOUT WARRANT—REASONABLE CAUSE.

In an action for the false imprisonment of plaintiff without a warrant, by locking him in defendant's store, accusing him of having stolen a drill handle, the question of defendant's "reasonable cause" for the arrest is not to be considered, but whether the drill handle was stolen, or an attempt made to steal it.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 30, 31, 47; Dec. Dig. § 7.*]

Appeal from Trial Term, Schenectady County.

Action for false imprisonment by Mandel Gold against Wallace Armer. Judgment for defendant, and plaintiff appeals. Reversed, and a new trial ordered.

The action was for false imprisonment. It was practically undisputed that the plaintiff, an electrical contractor, entered the defendant's hardware store to make a purchase of a bit; that he made the purchase, and gave the defendant a dollar bill; that about that time one Barney Abelove entered the store and entered into a conversation with the plaintiff. The defendant gave the plaintiff a purchase receipt, and went to the rear of the store for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

change. When he returned, he discovered that a drill handle, which he had left in a box on the counter in front of the plaintiff, was gone. The defendant testified: "I said to them: 'Gentlemen, there was a handle in that box, and it is gone. You produce that handle, or I shall lock the door and call a police officer.' I locked that door, and after telephoned for a police officer."

It appeared that in about 10 minutes the police officer came, in answer to the defendant's call, and by his direction all of the parties went to the police station with the officer. The defendant and Abelove were searched, and as nothing was found upon their person they, were discharged. The court instructed the jury that: "The plaintiff must go further than show that there was an imprisonment. He must establish affirmatively by a fair preponderance of the proof that the imprisonment, if there was one, was without reasonable or probable cause. The burden is upon him to show that defendant had no reasonable or probable cause to think him a thief and arrest him. * * * Upon this question of probable cause or the want of it the burden is on the plaintiff, and if you think that the case is so close that you can't tell which one of these two men is right, and whether or not there was probable cause, then you would have to find for defendant. If you think the plaintiff has borne the burden of proof in the case, and that defendant had no cause to act as he did upon the facts, then you will find for the plaintiff."

Counsel for the defendant then asked the court to charge: "That if a private person imprisons another person unlawfully he is liable, although he might have had probable cause; that in case of false imprisonment, as alleged in this case, probable cause is not an element." These requests were refused, and the defendant excepted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Benjamin Terk, for appellant.
John D. Miller, for respondent.

SEWELL, J. There is a difference in the power of a private person and a peace officer, without a warrant, to make an arrest in case of a felony. A peace officer has authority to make an arrest without a warrant, "when a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it." Code Cr. Proc. § 177. A private person is authorized to arrest another for a felony, when the person arrested has committed it. Code Cr. Proc. § 183.

But there is no distinction between a peace officer, without a warrant, and a private individual, in respect to the right to arrest for a misdemeanor. To justify either of them in arresting or aiding in the arrest of a person, without warrant, for a misdemeanor, it must appear that the crime has actually been committed or attempted by the person arrested. When sued for arrest, they must not only show that a misdemeanor has been committed, but they must prove that the person arrested committed it. It follows that the question of reasonable cause was not an element bearing upon the plaintiff's right to recover, and that the case should have been sent to the jury upon the question whether the misdemeanor was committed or attempted by the plaintiff.

The judgment and order must therefore be reversed, and a new trial ordered; costs to appellant to abide event. All concur.