PARKE v. FELLMAN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. FALSE IMPRISONMENT (§ 7*)—ACTION FOR DAMAGES—ELEMENTS—PROBABLE CAUSE.

In an action for false arrest and imprisonment, plaintiff, having proved that he had been arrested without a warrant or other legal process, and without legal justification, was not bound to prove lack of probable cause, defendant being entitled to show probable cause if possible, not as a bar to the action, but in mitigation of damages.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 59; Dec. Dig. § 7.*]

2. FALSE IMPRISONMENT (§ 15*)—PERSONS LIABLE.

One who charged plaintiff with disorderly conduct and procured his wrongful arrest, and at first undertook to arrest him himself, was liable for false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–67; Dec. Dig. § 15.*]

3. FALSE IMPRISONMENT (§ 15*)—LIABILITY—ACTS OF AGENT.

Where a special officer of defendant railroad company was employed to preserve order on a station platform, and in the course of his regular duty to arrest disorderly persons and disturbers of the peace, his act in wrongfully arresting plaintiff, on complaint of another that plaintiff had been guilty of disorderly conduct, was within the line of his duty,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for which defendant was liable, regardless of the fact that he was also commissioned as a police officer.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 62; Dec. Dig. § 15.*]

Appeal from Trial Term, New York County.

Action by Alfred V. Parke against Emanuel Fellman and the Interborough Rapid Transit Company for false imprisonment. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Andrew C. Morgan, for appellant.

Bayard H. Ames, for respondent Interborough Rapid Transit Co.

J. Garfield Moses, for respondent Fellman.

SCOTT, J. The action is for damages for false imprisonment. The plaintiff, a passenger upon the road of the defendant corporation, was arrested by one Whiteside, a special officer of said corporation, at the instance of the defendant Fellman, who charged plaintiff with disorderly conduct, in that, as was charged, said plaintiff had cut or torn the dresses of women passengers. Whiteside had not seen plaintiff do anything, but arrested him and took him to a police station, where he charged him with disorderly conduct, and caused him to be locked up. Fellman not only called upon the officer to make the arrest, but accompanied him to the police station, and afterwards appeared as a witness before the magistrate, who upon a hearing dismissed the charge and discharged plaintiff. The evidence clearly showed that there was no ground whatever for the charge against plaintiff, and that he had been guilty of no act constituting legal misconduct. The court dismissed the complaint upon the ground that the plaintiff had not sustained the burden of proving that the defendants had no probable cause for the arrest.

[1] This was error, not only because there was ample evidence to carry the question of probable cause to the jury, if that had been in issue, but also because in an action for false arrest or imprisonment no burden of proving a lack of probable cause rests upon the plaintiff. Brown v. Chadsey, 39 Barb. 253; Schultz v. Greenwood Cemetery, 190 N. Y. 276, 83 N. E. 41. In this regard an action like the present differs from an action for damages for malicious prosecution wherein it is an essential element of the plaintiff's case to allege and prove a lack of probable cause for the prosecution. It is true that in this case the plaintiff alleged both malice and lack of probable cause, but these allegations were unnecessary. The plaintiff was arrested by the defendant Fellman and Whiteside conjointly, without a warrant or other legal process, and, as eventually appeared, without legal justification. This constituted a trespass and made out a case of false arrest. It was for defendants to show if they could that they had probable cause, and this not to wholly defeat the action, but to mitigate the damages.

[2] The defendant Fellman was an active agent in the arrest, and indeed first undertook to arrest plaintiff himself. He is therefore liable. [3] Whiteside was a special officer of the defendant corporation, employed, as appears, to preserve order on the platform. It was in the course of his regular duty to arrest disorderly persons and disturbers of the peace, and his act in arresting plaintiff was in the line of his duty, and his employer is responsible for his act. The fact that he was also commissioned as a police officer, if such be the fact, does not relieve his employers for his unlawful acts committed in the course of his duty. Sharp v. Erie Railroad Co., 184 N. Y. 100, 76 N. E. 923.

It follows that the judgment must be reversed and a new trial granted, with costs to appellant to abide the result. All concur.