W. R. LYNCH v. CAROLINA VENEER COMPANY.

(Filed 19 May, 1915.)

**1. Appeal and Error—Questions and Answers—Objection and Exception.**
    Errors assigned to ruling out questions asked a witness will not be considered on appeal unless the relevancy or materiality of the expected answers are made to appear.

**2. Evidence—Witnesses—Examination—Impeachment.**
    A party may not impeach his own witness by examination, though he may contradict his evidence by the testimony of another witness.

**3. Master and Servant—Safe Place to Work—Negligence—Evidence—Questions for Jury.**
    It is the duty of an employer to furnish his employee a safe place to work, and the evidence in this case tending to show that the plaintiff was employed to work in the defendant's veneer factory on a narrow platform

between large vats of boiling water where the logs were placed for preparation and handling, in a certain manner, and that the injury was caused by the defendant not replacing a guard rail around the vats for the safety of an employee while at work, it is held that the instructions of the court applying the rule of the prudent man were properly given upon the issue of defendant's actionable negligence, placing the burden of proof on the plaintiff.

**4. Master and Servant—Safe Appliances—Custom—Rule of Prudent Man.**

The employer's furnishing to his employee the customary safety appliances with which to do his work is not the sole test of his responsibility, for they should also be such as commend themselves to an ordinarily prudent man.

**5. Instructions—Trials.**

The failure of the trial judge to give requested instructions is not erroneous when he gives them substantially in his own language in his general charge.

**6. Instructions, Improper—Issues.**

Prayers for instruction not addressed to the particular issue are defective, and a refusal to give them cannot be assigned for error.

**7. Instructions—Contributory Negligence—Directing Verdict.**

In this action to recover for a personal injury and under the evidence introduced, a prayer for instruction to find for defendant upon the issue of contributory negligence, if they find the facts to be as testified, was properly refused.

APPEAL by defendant from *Cline, J.,* at September Term, 1914, of BUNCOMBE.

*Jones & Williams for plaintiffs.*
*Martin, Rollins & Wright for defendants.*

CLARK, C. J. This is an action by an employee to recover damages for personal injuries. The defendant is the Veneer Manufacturing Company, which has in use several large vats, each 20 feet long, 10 feet wide and 6 feet deep, filled with boiling water, in which large logs are subjected to the moist heat to soften them for veneering purposes. These vats are parallel to each other, in the same room, and are surrounded by narrow platforms 5 or 6 feet wide, on which the plaintiff, with other employees, was stationed to catch the logs as they were lifted from the vat, peeling the bark off and rolling them to the veneer room. If a log was lifted from the vat of a different kind of wood from that being used at the time, it was rolled back into the vat. This duty required the plaintiff to work near the open vat and often at its very edge. The plaintiff, a young man 22 years old, had been in the employ of the company on this work two and a half months. Down to within ten days of his injury the defendant had used a rail as protection, consisting of a heavy 2 x 6 scantling laid flat and extending 10 or 12 inches above the

floor. This was not a part of the vat, but a protection. About ten days before the plaintiff's injury this railing had rotted away and had not been replaced at the time of the injury. The president of the defendant company passed by the place where the rail had rotted away three or four times a day, and the defendant's foreman testified that he knew that the railing had rotted away several days before the accident. The defendant, however, with full knowledge of the absence of the protection formerly used, continued to require his employees to peel and drag the logs on the narrow platforms, 5 or 6 feet wide, saturated with water, covered with slick bark, and adjoining deep vats filled with boiling water.

While the plaintiff was engaged in peeling and moving the logs on the platform, which that day were poplar and oak, a chestnut log was lifted from the vat, and the plaintiff in the line of his duty put it back into the vat. To do this he struck the axe, which he was furnished with for that purpose, into the end of the log, and in attempting to pull it around to put it back into the vat he slipped on a piece of bark and fell into the vat where the protection had rotted away.

The jury found, upon all the evidence, that the plaintiff was injured by the negligence of the defendant and did not contribute to his own injury, and assessed damages. From this verdict, and judgment thereon, the defendant appealed.

The defendant's exceptions 1 and 2 are because the court refused to permit witness to answer certain questions. Without considering these exceptions further, it is sufficient to say that error cannot be assigned for ruling out questions unless it is shown what replies were sought to be elicited, so that the court may see that the appellant was injured by such ruling. *Stout v. Turnpike Co.,* 157 N. C., 366; *Knight v. Killebrew,* 86 N. C., 402.

The next exception is because the defendant was not allowed to impeach a witness introduced by himself. Having offered the witness to the court as credible, the defendant could not be permitted to impeach him. It could, however, have shown a different state of facts by another witness. *Sawrey v. Murrell,* 3 N. C., 397; *S. v. Taylor,* 88 N. C., 694.

Exceptions 4 and 5 are abandoned. Exceptions 6, 7, 8, 9, 10, and 12 are to the charge; but the instructions excepted to presented merely the well settled rule of the prudent man. The court charged the jury: "Now, this is the test, gentlemen: Would a reasonably prudent man, a reasonably cautious employer of labor, under these or similar circumstances, having proper regard for the safety of his employees *and to furnish them a safe place in which to work*—and that means that regard which an ordinarily prudent man would have furnished under like or similar circumstances—would such a man have maintained this vat without some protection, railing or other protection, around it for the

safety of the employees, who had occasion to go and come around and about it in performing the work there?"

The court also charged the jury: "If you find that a reasonably prudent and cautious man would have protected this vat, with some sort of railing or other construction around it, and you are satisfied of that by the greater weight of the evidence, then it was the duty of this defendant to have done that; and if he failed to do that, such failure would be an act of negligence upon his part"; and also, "The burden is upon the plaintiff to satisfy you by the greater weight of the evidence that the defendant failed to conform to the duty of the prudent man in this respect; that is, that the defendant failed to construct and maintain its vat in the manner which the prudent man would have done who was exercising that proper regard, reasonable regard, for the safety of his employees that the law requires the employer to exercise."

The facts of this case are almost identical with those in *West v. Tanning Co.,* 154 N. C., 44, in which the plaintiff slipped into such a vat of boiling water as this, in a similar plant. It was the duty of the defendant to furnish the plaintiff with a reasonably safe working place, and the evidence was proper to be submitted to the jury that in not replacing the previous guard rail as a protection the defendant was guilty of negligence.

We cannot concur with the defendant that general custom in the use of safety appliances is the sole test of negligence. But the appliances furnished, methods employed, and places for the safety of servants should be such as commend themselves to an ordinarily prudent man. *Hornthal v. R. R.,* 167 N. C., 629; *Tate v. Mirror Co.,* 165 N. C., 280; *Ainsley v. Lumber Co., ib.,* 122.

The charge of the court in this and other respects excepted to are approved in the cases above cited, and also in *Steele v. Grant,* 166 N. C., 535; *McAtee v. Mfg. Co., ib.,* 448; *Steeley v. Lumber Co.,* 165 N. C., 27; *Reid v. Rees,* 155 N. C., 231; *Aiken v. Mfg. Co.,* 146 N. C., 324. There are other exceptions to the charge, but we do not think that they require further discussion, as they are covered by the general propositions above stated and the cases already cited.

There were twenty-four prayers for instruction handed up to the judge, and as to one of these, marked 10A, the appellant contends that it was overlooked by the court. This prayer was, "If the jury find that the defendant ordered the plaintiff not to use the axe in moving the logs around, but violating his orders, he used the axe, for that purpose and his disobedience was the proximate cause of his injury, he could not recover." Without discussing the question whether this prayer was overlooked by the judge because of the manner in which it was placed on his desk, it is sufficient to say that the judge substantially gave that prayer as No. 16 of the special instructions, as follows: "If the jury

find that suitable tools and appliances were furnished the plaintiff with which to roll and move the logs, and that the plaintiff failed to use the appliances furnished him, but used an axe, and while using the axe and attempting to move the logs, the axe pulled out, causing the plaintiff to fall in the vat, he could not recover, and it would be the duty of the jury to answer the first issue 'No.' "

Besides, it has been often held that a prayer which concludes as this, "The plaintiff cannot recover," without applying it to any issue, is defective, and a refusal to give it cannot be assigned as error. *Earnhardt v. Clement,* 137 N. C., 93; *Satterthwaite v. Goodyear, ib.,* 304; *Witsell v. R. R.,* 120 N. C., 557, and cases there cited.

Nor was it error for the court to refuse to charge the jury that if they believed the evidence, the plaintiff was guilty of contributory negligence. After careful consideration of all the exceptions, we do not find that the defendant sustained prejudice in the trial of this cause.

No error.