ELBERT R. DE SILVA, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

First Department, April 5, 1918.

False imprisonment — theory of action adopted at trial — erroneous charge — probable cause — proof in mitigation of damages — arrest without warrant for misdemeanor.

Where an action was treated by the parties at trial as one for false imprisonment and not for malicious prosecution the Appellate Division will not dispose of the appeal as though the action was one for malicious prosecution.

In an action brought solely for false arrest and imprisonment it was error for the court to charge that the plaintiff in order to recover must establish that the arrest was without probable cause. The law is that, the plaintiff having made out a case of false arrest, it is for the defendant to show, if he can, that he had probable cause, not for the purpose of defeating the action, but in mitigation of damages.

The o ly justification for an arrest without a warrant in the case of a misd.. eanor, either by a police officer or by a citizen, who stand upon the same footing, is that the misdemeanor was actually committed in his presence. Hence, where a plaintiff proves that although he committed no offense he was arrested without a warrant and imprisoned for an alleged misdemeanor, he established a cause of action.

Probable cause for believing that the misdemeanor was committed is not justification for arrest or imprisonment unless the one arrested committed the offense. The probable cause goes only to mitigate damages.

Appeal by the plaintiff, Elbert R. De Silva, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 12th day of June, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of June, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Alfred W. Andrews* of counsel [*Howard C. De Silva,* attorney], for the appellant.

*William Mann* of counsel [*Alex S. Lyman,* attorney], for the respondent.

Shearn, J.:

This action was brought to recover damages sustained through the arrest and imprisonment of the plaintiff by special police officers employed by the defendant railroad company, the arrest having been made without a warrant and for a misdemeanor claimed to have been committed in the presence of the officers, constituting disorderly conduct. While it would be possible to construe the complaint as being one for malicious prosecution, it is evident that the intention of the pleader was to allege a cause of action for false imprisonment. During the trial the court stated that "This is an action for false imprisonment and not for malicious prosecution." In charging the jury the court said: "The plaintiff

brings this action against the defendant corporation to recover damages which he claims he has suffered by reason of what is known in the law as false imprisonment; that is imprisonment without probable cause." As the only point to be considered deals with an error in the court's charge, and as the decision turns upon whether the action is one for false imprisonment or malicious prosecution and, furthermore, as the ruling in question was made upon the assumption that the action was one for false imprisonment, this court would not be warranted in disposing of the appeal as though the action was one for malicious prosecution.

The error complained of is that the court repeatedly charged the jury that, in order to recover, the plaintiff must establish that the arrest was without probable cause. This was persisted in after the point was called to the attention of the court by a specific request to charge that evidence of probable cause could only be considered by the jury in mitigation of damages and not for the purpose of defeating the action. In response to this request, the court said: " That is not the law, gentlemen." In so holding, the learned trial justice erred. The law is well settled that, in an action for false imprisonment, plaintiff having made out a case of false arrest, it is " for defendants to show, if they could, that they had probable cause, and this not to wholly defeat the action, but to mitigate the damages." (*Parke* v. *Fellman,* 145 App. Div. 836.) The only justification for an arrest without a warrant, in the case of misdemeanor, either by a police officer or by a citizen (and in this they stand upon precisely the same footing — *Gold* v. *Armer,* 140 App. Div. 73), is that the misdemeanor was actually committed in their presence. When the plaintiff proves that, although he committed no offense whatever, he was arrested without a warrant and imprisoned for an alleged misdemeanor, he establishes a cause of action. Probable cause for believing that the misdemeanor was committed is no justification for arrest or imprisonment unless the one arrested committed the offense. It merely goes to mitigate the damages. In the case at bar it was not shown that the plaintiff was guilty of any disorderly conduct but the defendant attempted to show probable cause for the arrest, consisting of an altercation with the witness Pratz, who had

set upon the plaintiff unjustifiably, the officers, however, not taking the precaution to find out who was to blame and giving no credence to plaintiff's statements.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.