M. F. BUTLER v. HOLT-WILLIAMSON MANUFACTURING COMPANY.

(Filed 4 April, 1923.)

**1. False Arrest—Imprisonment—Evidence—Nonsuit—Malice.**

In an action to recover damages for false arrest and imprisonment, liability of the defendant arises from an arrest without proper authority, or such abuse of authority that the protection ordinarily afforded by it is withdrawn; and while evidence of malice, in the sense of personal ill-will, may be received on the trial, especially as it may relate to the issue of damages, it is not a determinative element or one necessary to raise an issue to be determined by the jury; and defendant's motion to nonsuit upon the theory that malice was required to be shown is properly refused.

**2. Appeal and Error—Instructions—Harmless Error.**

Where the trial has proceeded upon the theory that in actions for false arrest and imprisonment it is necessary for a recovery to show malice on defendant's part, and an issue has been submitted to the jury to that effect, an instruction requiring the plaintiff to show the affirmative of the issue is in defendant's favor and cannot be held for reversible error on his appeal.

**3. False Arrest — Imprisonment—Evidence—Witnesses—Cross-examination—Prejudice—Damages—Appeal and Error.**

Where, upon the trial to recover damages in an action for false arrest and imprisonment, the defendant has testified upon the issue of his damages that in consequence he was so injured in character and reputation that he could not hold positions for which his training had fitted him, it is reversible error for the court to exclude testimony in defendant's behalf, tending to show that plaintiff's changes of positions were voluntary on his part, and not caused by the false arrest, etc., and this though the evidence tending to show loss of positions, etc., had been brought out on defendant's cross-examination of plaintiff. The range of cross-examination of a witness to the extent to which a party may contradict his own or the witness of opposing party discussed by HOKE, J.

**4. False Arrest—Imprisonment—Principal and Agent—Night Watchman—Police—Damages.**

Where, in an action of false arrest and imprisonment the defendant is alleged to have acted through its employee, a night watchman or special policeman on its manufacturing premises, the question of the principal's liability, depends upon whether the agent wrongfully, etc., caused the plaintiff's arrest while acting within the scope of his duties on defendant's premises, if such restriction be established.

APPEAL by defendant from *Bond, J.,* and a jury, at October Term, 1922, of CUMBERLAND.

The action is to recover damages for false arrest and imprisonment of plaintiff by one Edward Mazingo, the night watchman of defendant mills, whereby plaintiff was subjected to physical and mental pain and suffering and humiliation, etc., and plaintiff was greatly compromised and injured in his credit and circumstances, etc.

There was denial of any arrest or imprisonment, defendant contending that if any such arrest was made by their night watchman he was acting at the time entirely out of the scope of his duties and authority as employee of defendant.

On issues submitted, the jury rendered the following verdict:

"1. Was the plaintiff Butler prosecuted, arrested, and imprisoned by and at the instance of Edward Mazingo? Answer: 'Yes.'

"2. Was Ed. Mazingo, in prosecuting, arresting, and having plaintiff Butler imprisoned acting as the agent of defendant Holt-Williamson Manufacturing Company, and within the scope of his employment? Answer: 'Yes.'

"3. Was said prosecution, arrest, and imprisonment wrongful and without probable cause? Answer: 'Yes.'

"4. Was said prosecution, arrest, and imprisonment malicious? Answer: 'Yes.'

"5. What damages, if any, is plaintiff Butler entitled to recover of defendant Holt-Williamson Manufacturing Company? Answer: '$900.' "

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*W. C. Downing and Bullard & Stringfield for plaintiff.*
*Oates & Herring and Dye & Clark for defendant.*

HOKE, J. This cause was before us on a former appeal, and will be found reported in 182 N. C., 547, where a clear and comprehensive statement of the pertinent facts is given in the opinion by *Associate Justice Adams.* In that case a new trial was ordered for defendant on the ground chiefly that his Honor had not sufficiently or properly adverted to certain evidence introduced by the company tending to show that in making the alleged arrest the night watchman had acted beyond the scope of the duties and authority conferred or incumbent upon him as defendant's employee. In that case it was ruled, however, in effect, that there was evidence tending to establish plaintiff's position on the principal issues of liability and the cause was remanded for retrial in that aspect of the matter. The evidence on these issues is substantially the

same in the present record, and the motion for nonsuit made by defendant was properly disallowed.

Defendant, however, insists further on this motion for nonsuit, contending that there was no evidence of malice as presented in the fourth issue, the judge having charged that there could be no recovery unless there was verdict for plaintiff on this issue. This would have been a correct charge in a suit for malicious prosecution, and the case seems to have been tried in part on that theory, but this is not a suit for malicious prosecution, and there is doubt if on the evidence liability would attach against defendant company in such an action. See *Daniel v. R. R.,* 136 N. C., 517. Plaintiff's action is for false arrest and imprisonment, and his complaint, no doubt intentionally, is restricted to this, and in actions of this kind liability arises from an arrest without proper authority, or such an abuse of authority that the protection ordinarily afforded by it is withdrawn. But while malice in the sense of personal ill-will may be pertinent to the inquiry in such an action, more especially on the question of damages, it is, as stated, not always essential to liability, and a motion for nonsuit can only be sustained when there is a failure of proper proof on the issues which are determinative.

We must not be understood as holding that there is no evidence in the record justifying the verdict on this issue, and the charge of his Honor, while erroneous, may not in itself be held for reversible error because the error is in appellant's favor, but for the reasons stated, the judgment of his Honor below denying defendant's motion for nonsuit must in any event be upheld.

While we approve the proceedings below in this motion for nonsuit, we are of opinion that there has been reversible error to defendant's prejudice in excluding the evidence offered of the witness J. D. Wadkins, record, p. 34. Plaintiff, as stated, brings his action for false arrest and imprisonment at the instance of defendant, whereby, among other grievances, he was greatly humiliated and compromised in his credit and standing, etc., and taking the witness stand in his own behalf he testified very fully to the transaction complained of. On cross-examination, and with a view, no doubt, of showing that the injury was not so great as claimed, counsel had asked witness if one or more changes of employment made by him since the arrest had not been voluntary on his own part. He stated, in effect, that one or more of them were, but he supposed he was discharged from the Puritan or Holt Morgan Mill (owned by a brother of defendant's proprietor) on account of this trouble. That the boss, J. D. Wadkins, who had charge of the matter, had told him they intended to do it the following week, whereupon witness had asked for his time at pay-day the Saturday preceding.

Defendant, in reply to this evidence, proposed to examine the witness Wadkins to the effect that plaintiff was not discharged from the Puritan Mill, but left voluntarily because they could not furnish a house large enough for his family, he having six or seven children, and that nothing was ever said between them as to his being discharged, etc. This testimony was directly within the line of inquiry, as disclosed by the pleadings, was pertinent, and may have been very important on the question of damages, and in our view should have been received. And the position is not affected because the relevancy of the evidence was only induced by reason of the cross-examination. A litigant is allowed to contradict his own witness, who has made unexpected statements to his hurt, or to show that such statements are untrue, and *a fortiori* should this privilege be given as to an opposing witness who has given prejudicial evidence against a litigant. The range that a cross-examination may take in this jurisdiction and this privilege of contradicting one's own witness, and the extent of it, is treated at some length by us in *Smith v. R. R.,* 147 N. C., 605, where it is said in part:

"We do not conclude, however, as claimed by defendant, that because this is true, the testimony of the witness must be taken as importing absolute verity, nor that the plaintiff is thereby precluded from insisting on any position which may contradict or in any way antagonize the statements made by his witness. While it is accepted doctrine that one who offers a witness 'presents him as worthy of belief,' and, except, perhaps, where an examination is required by the law, as in the cases of subscribing witnesses to wills and deeds (*Williams v. Walker,* 2 Rich. Eq., 294; 46 American Dec., 53), a party will not be allowed to disparage the character or impeach the veracity of his own witness, nor to ask questions or offer evidence which has only these purposes in view, it is always open to a litigant to show that the facts are otherwise than as testified to by his witness. *S. v. Mace,* 118 N. C., 1244; *Chester v. Wilhelm,* 111 N. C., 314. And this he may do, not only by the testimony of other witnesses, but from other statements of the same witness, and at times by the facts and attending circumstances of the occurrence itself, the *res gestæ. Becker v. Koch,* 104 N. Y., 394."

For the error indicated there must be a new trial of the cause, to the end that the same may be determined on issues appropriate to an action of arrest and false imprisonment as set forth in the pleadings. On such an inquiry the authorities are to the effect that if the defendant's night watchman, while acting within the scope and course of his duties as such employee, wrongfully caused the arrest and imprisonment of the plaintiff, liability on the part of defendant would not be prevented because the employee had been clothed with authority as special policeman for the purpose. On the other hand, if the night watchman at the time held

such authority, and for the purpose stated, the company would be entitled to have the issues considered and determined in reference to that fact, and he is only to be regarded and dealt with as defendant's employee, when acting within the scope of his duties as such and within the area designated if any such restriction is established.

In that aspect of the evidence, authorities helpful to a further trial of the cause will be found in: *Sigmon v. Shell,* 165 N. C., 582; *Ill. Steel Co. v. Novak,* 84 Ill. App., 641; *S. c.,* affirmed in 184 Ill., 501; *Park v. Felman et al.,* 130 N. Y. Supp., 361; 6th Sabatt on Master & Servant (2 ed.), sec. 2477 and 2480.

New trial.