STATE v. J. C. FREEMAN.

(Filed 13 April, 1938.)

**1. Criminal Law § 41h: Evidence § 17—**

A party may not impeach or discredit his own witness.

**2. Same—New trial is awarded in this case for error in permitting the State to discredit its own witness.**

The State was permitted to recall one of its own witnesses for the purpose of contradicting him, and upon his denial that he had testified otherwise than at the trial upon the preliminary examination, introduced the justice of the peace before whom the preliminary proceedings were had, who, over objection of defendant, testified that the witness had made statements upon the preliminary hearing which were contradictory to his testimony at the trial. *Held:* Defendant's objection to the testimony of the justice of the peace was well taken, and a new trial is awarded, since a party will not be permitted to discredit or impeach his own witness.

**3. Criminal Law § 81d—**

When a new trial is awarded on one exception, other exceptions relating to matters which may not arise upon the subsequent hearing, need not be considered.

APPEAL by defendant from *Cranmer, J.,* at October Term, 1937, of SAMPSON.

Criminal action tried on two indictments charging defendant with the forgery of and uttering two separate checks.

Defendant pleaded not guilty.

Verdict: Guilty.

Judgment: Eighteen months in State's Prison.

Defendant appealed to the Supreme Court and assigned error.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*E. C. Robinson and Butler & Butler for defendant, appellant.*

WINBORNE, J.   That a party cannot discredit his own witness is a well-settled rule of evidence in judicial procedure in this State. *Strudwick v. Brodnax,* 83 N. C., 401; *S. v. Taylor,* 88 N. C., 694; *Gadsby v. Dyer,* 91 N. C., 312; *McDonald v. Carson,* 94 N. C., 497; *Chester v. Wilhelm,* 111 N. C., 314, 16 S. E., 229; *S. v. Mace,* 118 N. C., 1244, 24 S. E., 798; *Smith v. R. R.,* 147 N. C., 603, 61 S. E., 575; *Lynch v. Veneer Co.,* 169 N. C., 169, 85 S. E., 289; *Worth Co. v. Feed Co.,* 172 N. C., 335, 90 S. E., 295; *S. v. Melvin,* 194 N. C., 394, 139 S. E., 762; *Clay v. Connor,* 198 N. C., 200, 151 S. E., 257; *S. v. Cohoon,* 206 N. C., 388, 174 S. E., 91.

For the State's violation of this rule in the present case defendant is entitled to a new trial.

The record discloses that the two checks in question were drawn on the First-Citizens Bank & Trust Company of Roseboro; one, dated 12 January, 1937, for $27.00, purporting to be signed in the name of C. B. Sessoms and payable to the order of and endorsed by W. L. Jackson, and the other dated 16 January, 1937, for $21.00, purporting to be signed in the name of C. B. Sessoms and payable to the order of and endorsed by H. B. Johnson.

State introduced the witness C. B. Sessoms, who testified that he did not sign nor authorize any one to sign either of the two checks.   For the apparent purpose of proving the handwriting of the defendant, to be used as a proven specimen for comparison with the handwriting on the checks in question, the witness identified two checks, one dated 6 January, 1937, for $3.00, and the other dated 19 January, 1937, for $4.00, each signed by him and payable to the order of and endorsed by defendant J. C. Freeman.   The witness testified that he hired the defendant to carry him to Fayetteville on two occasions; that he paid him with these last two checks; that the defendant filled out the body of each check, and that he, the witness, signed each.   He further testified that when he gave defendant the $4.00 check Walter Faircloth was with him. The State then introduced as witness Walter Faircloth, who testified that he had been on a trip with Sessoms and J. C. Freeman; that he did not know Sessoms gave Freeman anything for carrying them; that

he did not see him give him anything; that he did not hear anything said about any money; that he did not see a check given by Sessoms to Freeman, and that "I was in the car but I did not see him give that check."

After offering the testimony of several witnesses with reference to the handwriting on the various checks, the State recalled Walter Faircloth and announced "that it was calling this witness for the purpose of contradicting him." The witness then denied that when testifying at preliminary hearing of this case before Col. George Peterson, justice of the peace, he had testified that he saw C. B. Sessoms sign the $4.00 check, that defendant wrote the balance of it, or that he had seen defendant write either one.

Thereupon the State introduced Col. George Peterson, the justice of the peace, who testified, over defendant's objection, that Walter Faircloth, testifying in the preliminary hearing, said that "on 19 January, 1937, C. B. Sessoms signed a check for $4.00 payable to J. C. Freeman; that C. B. Sessoms said he owed Freeman $4.00, and Sessoms said he was going to pay him by check; that he said that he saw Sessoms sign the check to Freeman for $4.00. . . ." The exception to the introduction of this evidence by the State for the express purpose of contradicting its own witness is well taken.

In *S. v. Taylor, supra,* a similar question under almost identical circumstances was presented. In that case the Court quoted with approval this statement from Greenleaf: "When a party offers a witness in proof of his cause he thereby in general represents him as worthy of belief. He is presumed to know the character of the witness he adduces, and having thus presented him to the court, the law will not permit the party afterwards to impeach his general reputation for truth, or to impugn his credibility by general evidence tending to show him unworthy of belief." The Court closes the opinion by saying: "Concluding, as we have, that the testimony of the justice was offered in this case for the sole purpose of discrediting the witness Harper, we are of the opinion, induced by the authorities cited, that the exception of the defendant was well taken."

In view of the fact that defendant challenges the validity of the grand jury which found the true bills of indictment under which he is charged, it is suggested that new bills be sent before another trial is had.

Other exceptions relate to questions that may not arise again in this case and are, therefore, not considered.

For error discussed herein there will be a

New trial.