### STATE v. CHARLES E. INSCORE.

#### (Filed 31 May, 1941.)

**1. Automobiles § 32e—**

Evidence that defendant's culpable negligence in the operation of his automobile resulted in the death of an occupant of another car *is held* sufficient to have been submitted to the jury and fully justifies its verdict of manslaughter.

**2. Criminal Law § 81c—New trial will not be awarded for mere technical error which is not prejudicial.**

In this prosecution for manslaughter committed in the operation of an automobile, one of the State's witnesses made a written statement shortly after the collision. Upon the trial, the solicitor, thinking that the witness' testimony was at variance with the prior written statement, asked and was permitted to cross-examine the witness. Thereafter the solicitor offered portions of the written statement in evidence to corroborate the witness. *Held:* Even if some technical irregularities be conceded, the culpable conduct of defendant being abundantly established by other witnesses, the matter cannot *be held* to constitute prejudicial error.

APPEAL by defendant from *Pless, J.,* at October Term, 1940, of FORSYTH.

Criminal prosecution tried upon indictment charging the defendant with the felonious slaying of one J. L. McAlister.

Verdict: "Guilty of manslaughter with the recommendation for March" (mercy).

Judgment: Imprisonment in the State's Prison for a term of not less than 4 nor more than 7 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*John D. Slawter and Richmond Rucker for defendant.*

STACY, C. J. On 19 August, 1940, following a wild automobile ride through the streets of Winston-Salem, in which he was pursued by an officer, the defendant collided with a car at a filling station near the intersection of Sprague and Peachtree Streets, occupied at the time by J. L. McAlister and his wife. Mr. McAlister died within thirty minutes of injuries sustained in the collision. The evidence fully justifies the verdict of manslaughter.

Several exceptions were taken to the manner in which the solicitor was allowed to examine one of the State's witnesses, J. P. Davis, Jr., who was a "thumb rider" in the defendant's car at the time of the collision. Davis had made a statement in writing to the police shortly after the occurrence, and the solicitor gained the impression that his testimony on the stand was at variance with his prior written statement. Whereupon, he asked the privilege of cross-examining the witness, which was granted. Following the cross-examination, the solicitor said he would offer portions of the written statement in corroboration of the witness. The record is not quite clear as to what then happened in respect of the matter: "The Court: You can offer it. I want to think about that a little. The Court permitted you to cross-examine the witness and now you offer the statement to corroborate him." Objection; overruled; exception.

The question thus presented by the record has been discussed in both briefs with much learning and manifest research. Even if some technical irregularity be conceded, we think the matter is too attenuate, considering the case in its entirety, to warrant a disturbance of the result. *S. v. Noland,* 204 N. C., 329, 168 S. E., 412. The culpable conduct of the defendant is abundantly established by other witnesses. The cases cited by the defendant, *S. v. Freeman,* 213 N. C., 378, 196 S. E., 308; *S. v. Cohoon,* 206 N. C., 388, 174 S. E., 91; and *S. v. Melvin,* 194 N. C., 394, 139 S. E., 762, are not controlling on the instant record.

The remaining exceptions are directed to portions of the charge and the alleged insistence of the court upon a verdict. They present no new question of law or one not heretofore settled by the decisions. The case was tried in compliance with the principles announced in *S. v. Cope*, 204 N. C., 28, 167 S. E., 456.

A careful perusal of the entire record engenders the conclusion that the validity of the trial should be upheld.

No error.