Owen McGivern, J.
On August 23, 1954 the plaintiff Thomas Doherty, Jr., then 19 years of age and a sailor, met two of his mates, Edward Ducart and Donald Price, at Kelly’s Bar, located on West 46th Street, between Broadway and Avenue of the Americas (6th Ave.). The time was about 11:00 p.m. All three were dressed in “ summer whites ”, and on temporary shore leave from the Fleet Training School, Newport, R. I., where they were due to report early the following morning. Before midnight together they left Kelly’s, intending to take a taxi to the George Washington Bridge, and thence to hitchhike to New England. Price, the only one who had been drinking hard liquor, was the most exuberant of the trio, as they proceeded to Sixth Avenue and 47th Street. There they found a parked taxicab, the driver standing by at the curb.
According to Doherty, he and Ducart got in the taxi and settled themselves in the rear seat, each carrying a small bag and a set of “ dress blues ” on a hanger; but Price suddenly sidled behind the wheel in the driver’s seat, started the car and drove off, westward, towards Broadway, the cabbie running behind, shouting. Doherty and Ducart asked Price to stop, expostulated with him, and when he did not, grappled with him from their positions in the rear of the car. The taxi did come to a halt midway down the street, the three servicemen then leaping out, ran helter-skelter towards Broadway, pursued by the cabbie and a bevy of assorted nighthawks who by then had taken up the “ hue and cry”. At Broadway, Price turned northward, and his subsequent fate is not part of our story. As Doherty and Ducart rounded the corner of Broadway and 47th Street, heading south, they dashed by the defendant Lester, a private individual purporting to be a professional detective. Lester gave chase, joined by a policeman who became part of the flying squadron at this point. Their quarry turned eastward at the corner of 46th Street, fleeing towards Sixth Avenue, *743 Lester, the policeman, et al., in hot pursuit. About the middle of the block, without firing his weapon, the policeman collared Ducart and he subsided. With Doherty still in the van, Lester pressed on, his revolver now drawn from its holster, poised for use. He fired in the air, more than once, one bullet winging’ across the broad Avenue of the Americas and piercing a store window. At the corner, Doherty wheeled again, this time northward, on the west side of Sixth Avenue, Lester closing in, when suddenly Doherty darted down the subway steps, hard by the corner. The white-clad figure of the sailor went bounding down the steps. Lester reached the subway entrance, pointed his gun downward and fired; his target inertly tumbled down the remaining steps, coming to rest on the landing below, unconscious.
The plaintiff, still carrying the bullet in his spine, now sues in assault to recover for his injuries, which were serious and involved an operation and extended hospitalization in Bellevue, the United States Naval Hospital in Portsmouth and in St. Albans; and the medical reports indicate the need for further operative procedures and hospitalization.
His right to recover turns on two points: was a felony committed by him? and — was more force used than required to effect the arrest? Since the court finds no felony was committed by the plaintiff, it is not now necessary to pass on the second point, although the court takes a dim view of the defendant’s judgment under the circumstances, and this, even though the purposes of the defendant were undoubtedly worthy.
It has long been accepted in this State that a private detective is not a police officer and has no greater right to make an arrest than ordinary citizens (Byrne v. Matthews, 12 N. Y. St. Rep. 74, affd. 109 N. Y. 662; 1930 Atty. Glen. 160). As such, before he or anyone else, not a police officer, can attempt an arrest, for a crime not committed in his presence, a felony must in fact have been committed, and by the person arrested (Code Grim. Pro., § 183). Thus, if a private person, and the defendant legally is such, assumes the role of a policeman, he does so at his peril, and if he arrests the wrong person, he is answerable (Gold v. Armer, 140 App. Div. 73, 75; Gearity v. Strasbourger, 133 App. Div. 701, 705; McLoughlin v. New York Edison Co., 252 N. Y. 202; 1927 Atty. Gen. 152; 37 N. Y. St. Dept. Rep. 33).
In the case at bar, there is no proof that Doherty was a party to the moving of the taxi without authority. If Price, by design, or emboldened by the products of Kelly’s Bar, impetuously started the motor, there is no evidence to support a conclusion that Doherty had knowledge of his intention. To the contrary, *744 there is uncontradicted testimony, which the court accepts, that Doherty and his mate in the rear seat almost immediately remonstrated with Price and in fact used force to compel him to bring the machine to a stop. Their conduct exculpates them and frees the plaintiff of any imputation of theft. And absent the actual commission of a felony, the defendant must be cast in damages for his recklessness in using his gun as he did.
In view of his injuries the plaintiff is awarded the sum of $12,500. There will be 30 days’ stay of execution and 60 days to effect a case on appeal.