Pearson. J.
 

 There is no error in any of the exceptions taken by the defendants. The memorandum, made by the defendant’s clerk, was not signed by the parties,'or intended by them as the memorial of their contract. It was a private entry for the use of the defendants, and might have been used to refresh the memory of the witness If the witness, Springstcin, had been called and examined, or if his deposition had been read by the plaintiff, the exception would have raised the question, whether a, party cun impeach his own 'witness, in whose testimony he is disappointed,.by shewing that he had, on other occasions. stated differently. The reason for not allowing-a party to impeach his own witness, by showing his
 
 yeneral character
 
 to be bad, is, .that he shall not be heard to say, that he attempted to impose on the jury, by calling a witness, whose general character is known to be bad; but this reason does not apply to the exclusion of declarations made on other occasions, and by which, the party, calling a witness, might have been deceived. The question is one of some interest, but ure are not called on now' to decide it, as if, does not arise in this case, for a party does not make one his witness by taking his deposition, which he declines to read, or by having a witness subpoenaed, and then declining to-exatnine him.
 

 The machinery was to be paid for on delivery. The. payment of the price was not a condition precedent to the
 
 *198
 
 plaintiffs’ right of action. The defendants might have refused to deliver it, unless the the price was paid, or they were at liberty to deliver it and bring an action for the price. The last exception is also untenable. In an action against two, a recovery may be had against one of the defendants only, for all contracts are several, although made by partners.
 
 Jones
 
 v.
 
 Ross, 2
 
 Car. L. Rep. 450.
 
 Bradhurst
 
 v.
 
 Pearson
 
 decided at this term. The question. however, does not arise, for the jury lound a verdict against both defendants, and there is no exception on that ground. The judgment is affirmed.
 

 I’kk Curiam
 

 Judgment affirmed.