Nash, J.
 

 The only question presented by the case is, as to the charge of the Court below, and the remarks made to the Counsel. The case is: An' execution was levied upon the land in question, as the property of one Joseph L. Ray, and at the sale the plaintiff became the purchaser. The action is brought against the tenant in possession, Amos Cox, the defendant; and it became important to the plaintiff to show, that he was the tenant of Ray. To prove this, Ray was himself called and proved the fact. Upon his cross examination,, he stated, that, at the time of the sale, he had no legal title, but that he acquired it afterwards, and produced a conveyance, which bore date more than seven years before the commencement of this suit; and that he had been continually in the peaceable and adverse possession ever since.
 

 The Counsel of the plaiptiff then proposed to
 
 urge to the jury,
 
 that Ray’s testimony, as
 
 to the time
 
 he obtained said deed, was false, and that the deed was antedated. The Court informed the counsel, that, as he had introduced Ray, as a witness, he could not discredit him before the jury j that he might have proved by other testimony, that the
 
 *317
 
 ■witness was mistaken, and that the facts were otherwise. The counsel then contended, that he was at liberty to show to the jury, from the face of the deed, that it was antedated; and the Court permitted him to give the deed to them for their inspection. His Honor then instructed the jury, that if they believed from an inspection of the deed, that it. was antedated, and had not been in existence seven years 01 moi'e before this action was brought, then they, ought to find for the plaintiff. But, as the plaintiff had introduced the witness Ray, it did not lie in his mouth to say, he was unworthy of credit, and, particularly, as the plaintiff was not entitled to recover, unless that part of Ray’s testimony, in relation to the possession, was believed. The plaintiff had no right to ask them to believe so much of Ray’s testimony, as was in his favor, and to discredit him, as to the balance.
 

 The charge is, in our opinion, correct, and sufficiently explicit to show the meaning of the Judge, and not to mislead the jury. The general rule of evidence on this subject is, that a party shall not be permitted to produce general evidence to discredit his own witness. He shall not, in that way, prove him to be of such bad character, as would render him unworthy of credit. It would be a fraud upon the administration of justice. But the rule does not extend to the exclusion of testimony to show, that the facts sworn, to by the witness are otherwise, or to show by other testimony how the facts really are; for, such facts are evidence in the cause. The other witnesses, in such case, are not called to discredit the first, but the impeachment is incidental and consequential only; 2 St. N. P. 1785-6. The same doctrine is.laid down hy Justice Buller, in his Nisi prius, 29.7. In the case of
 
 Holdsworth
 
 v.
 
 the Mayor of Dartmouth,
 
 2 M. and Rob. 153, cited by Mr. Stephens, Baron Park observes, that the party calling a witness cannot, if he give testimony unfavorable to him, prove that he has given a different account of the matter before; for, the object of the evidence is to discredit him; and he lays it down, “ as a clear
 
 *318
 
 rule, that a party has no right to put a witness into the box, as a witness of credit, and when he gives unfavoi’able evidence, to call witnesses to discredit him.” To the same effect are the opinions of all the Judges in the case of
 
 Erner
 
 v
 
 Ambrose,
 
 10 E. C. L. R, 220. All these authorities state, that the party calling the witness may prove by other testimony, that the
 
 facts
 
 are not such as hé has sworn ; and they advert to the difference of the rule, as to witnesses, whom the law makes such, and those which the party produced. The former the party is compelled to call, as in cases of wills. He, therefore, is under no responsibilty, as to their character, and he may impeach their evidence by proving they are not worthy of belief. The latter are witnesses of his own selection ; and, in the language of some of the cases, he has the whole world to select from, and stands as their endorser, that they are worthy of credit. To me it is obvious, that the Judge intended, and, in substance, did lay the rule down to the jury, as sanctioned by the authorities above cited. The Counsel was stopt by the Court, assigning as his reason, that he could not discredit his own witness, but he proceeds and explains to the counsel, what he might have done — he might have proved that the witness was mistaken, and that the
 
 facts
 
 were otherwise. But his Plonor leaves no doubt as to his meaning; for, upon the request of counsel, he suffers the deed to be handed to the jury for inspection, to ascertain from it how the fact was as to its date — a very important fact in the cause — and he directs them, that, if they believe from inspection,
 
 there being no other evidence,
 
 it had been antedated, to find for the plaintiff. In other words, to throw the deed aside, put it out of their view. Of this portion of the charge, the plaintiff certainly has no right to complain ; and it plainly and fully shows the meaning of the Judge in his remark to the counsel. The latter part of the charge, however, it is said, is contradictory of the first. I do not think so; or, if it is, it is so in appearance only. Justice
 
 *319
 

 to
 
 his Honor requires, that the charge should be taken as a whole, that all he says upon any one particular point, should be taken together, and not as
 
 disjecta membra.
 
 It is true, the latter cluase might have been omitted, without any injury to the whole, but, looked at with reference to what preceded, it is but a reiteration of its different terms, and as a corollary from it. It cannot for a moment be supposed, that his Honor intended to take back w’hat he had stated immediatetly before, that the party might prove the fact testified to by Ray, as to the date of the deed, not to be as he had declared it. As a result of the rule, contended for by the plaintiff, his Honor goes on to remark, if adopted, it would lead to the discarding of Ray’s testimony altogether. In using the words he did, the Judge intended to show, that the plaintiff was, in truth, discrediting his own witness, upon the ground that his evidence upon the date of the deed was corruptly false. The authorities all draw a distinction between discrediting the witness and showing that the facts of the case are different from what he has represented them. In such case, the discrediting of the witness is incidental and not primary — the evidence
 
 may
 
 be discredited, and the integrity of the witness remain unimpeached. It is nothing to the purpose, in my estimation, to say, that, if the fact sworn to by Ray, as to the date of the deed, Was false; it must be corruptly false. This was a matter for the jury, into W'hich no one had a right to enquire. They might, upon proper evidence, have found against the deed, either upon the ground of corruption or mistake. If upon the former, as before remarked, the discrediting of the witness would be incidental; it upon the latter, he would remain unimpeached. Mr. Stephens, it is true, does say, that the rule is still unsettled. So far as authority can go, I consider the principle as firmly settled as it can be. It is plain and intelligible ; and the only question is, shall this Court adhere to it? I see no reason to alter it. It forbids the attaining of right ends by corrupt means, and thereby eon-
 
 *320
 
 tributes to the purity of the administration of justice. The party producing the witness shall not be allowed to prove him corrupt. He may prove he is mistaken, or that the fact
 
 sworn to
 
 is other than as represented by him. Believing that his Honor was sustained both by authority and principle in his charge, as we understand his meaning, we cannot say there is error in the charge, nor are we willing to unsettle a rule of evidence ot so much importance in practice, and of so long standing, because it ought to have been originally otherwise settled.
 

 Ruffin, C. J. I concur in affirming the judgment.
 

 'Pearson,, J.
 

 I think it evident from what was said during the trial and in the charge, that his Honor was in error, as to the law of evidence in two particulars. This error would, as a natural consequence, communicate itself to the charge, and have a tendency to mislead the jury.
 

 It was formcly considered to
 
 be
 
 a settled rule of evidence, ■that a party was not at liberty, in any way, to discredit his own witness. If he called him, it was for “ better or for worse,” and he was bound by what he swore. His Honor .seems to have been of this opinion.
 

 The rule has never been changed in one particular. A party is not at liberty to discredit his own witness, by proving his gene: al character to be bad, because, by calling him as his witness, he vouched for his good general character, and cannot be heard to say, that he attempted a fraud on the jury by calling a witness, who, from his general character, was not worthy of credit.
 

 • But it has certainly been changed in this particular. When a party is compelled by law to call a witness, as a ubscribing witness to a deed or will, if the witness denies that he attested the instrument, he may be discredited by -proof, that he is perjured, and that he did witness it and
 
 *321
 
 subscribe his name as an attesting witness;
 
 Lowe
 
 v
 
 Joliff,
 
 1 Bl. 365,
 
 Peter
 
 v
 
 Babington,
 
 2 Strange, 1069.
 

 More i’ecently it has been changed in another particular. If a party calls a witness, who is not a subscribing witness, and is, therefore, not forced on him by law, and he proves a
 
 fact in the cause
 
 against the party calling-him^ the party-may discredit him by calling other witnesses to prove the fact in contradiction to his oath ; and the reason given is>. “ that the other witnesses are called to prove a fact in the-cause, and not directly to discredit the first witness, but the-impeachment of his credit is incidental and consequential-only.”
 
 Erner
 
 v
 
 Ambrose,
 
 10 E. C. L. R. 220.
 

 Still more recently an attempt has been made to change the rule in another particular, and thus, in effect, to abolish, it, and allow a party to discredit a witness called by him self, with the exception, that he is not at liberty to do so-by proving him to be a man of bad
 
 general character,
 
 for-the reason stated above, which is admitted on all sides.to be a sound one. In 3d Chitty’s General Practice, 896, it is said, “ still to be a disputed point, whether a party can be allowed to
 
 discredit his own witness.”
 
 The witness proved a fact against the plaintiff, who- called him, and the question was, if he could be discredited by proof, that he had stated the fact to the plaintiff’s attorney, whose business it was to prepare the evidence, and who took down this witness’ statement in writing, and read it to him, and he then said it was correct, and yet, on the trial, contradicted it. Denman, C. J. was of opinion in the affirmative, but Bolland, J. in the negative. For this, is cited
 
 Wright
 
 v Beckett, 1 Moo. and Rob., 414, which is not in our library.-Afterwards, Parke, Baron, in citing this case, agrees with Bolland; but he expresses some hesitation, how it would be, if the fact had been called out on cross examination, as it was in our case ;
 
 Holdsworth
 
 v
 
 Dartmouth, 2
 
 M. & Rob. 153, cited in 2 Stephens’ Nisi prius, 1785. I regret, that I have not had the opportunity of seeing Lord Denman’s.
 
 *322
 
 opinion ; for, although the question is not presenter! in this case, I confess I have never been entirely satisfied with the reasoning, upon which this part of the old rule has been retained, if a party expects he can prove a fact by two witnesses, and' calls one who proves it, he may stop ; but if he happen to call' the other first, and he disproves it, the party can then call his other witness to prove it; and the result is a fiat contradiction. Why may he not be allowed to turn the scales by proving that the first witness had made different statements, just as he could have done, if that witness had been called by the opposite party ? Why should not the jury be put in possession of all the faets, and let them judge between the witnesses ? Will not a knowledge of this impunity tempt designing men to put themselves in the vyay of a party with a view to impose on him ? If his general character is bad, the party should turn away from him ; but, if his character is good and he says he will be able to prove a fact, which the party knowrs to be true and wishes to prove, why say to him, you call this witness at your peril ?
 

 In this State it
 
 is settled, the State
 
 may
 
 discredit its
 
 own witnesses by proving, that, on a former occasion, he had given a different account of the transaction.
 
 State v Morris,
 
 1 Hay. 429. The reason given is, that the Solicitors1 are not presumed to be well acquainted on the Circuits. This, certainly, is not very satisfactory. In most cases there are prosecutors, and in all there are persons ready to. aid the Solicitor in the matter of procuring testimony. I am inclined- to the opinion-, that
 
 the
 
 Court felt the inconvenience-of the old rule, and were not altogether satisfied1 with the reasoning upon which it was put. At alf events, the law is so settled in regard to State cases ; and it seems to be proper,
 
 that
 
 the rules of evidence should be the same, whether the trial be on the civil or the State docket.
 

 The other particular, in which I suppose the Judge was in error, is- in reference to the application of the rule-,
 
 “fat
 
 
 *323
 

 sum in uno, falsum in omnibus.”
 
 The rule is settled, and I am not disposed to disturb it, although, if it was an open question, it might be urged with force, that the jury ought not to be interfered with, in what is said to be the
 
 peculiar province
 
 of a jury — to pass upon the credibility of witnesses, for the reason, that juries are composed of twelve men, who are presumed to have a knowledge of human nature, which qualifies them, especially, for their duty; but I do insist, that the rule did not apply to the present case, and it ought, under the special circumstances, to be made an exception.
 

 The plaintiff' calls a witness to prove a fact, which is directly against the interest of the witness. The witness eould not
 
 object
 
 — Jones v
 
 Lanier,
 
 2 Dev. 480 — on account of his interest. He proves, or rather admits, the fact, on oath, it may be, because he was afraid to deny it. He is then cross-examined, and swears to a fact directly on the side of his interest, and which gives him a good title to the land in controversy. Suppose he is false as to this fact. A jury would, nevertheless, believe his admission of the other fact, because it
 
 was against his interest
 
 — a stronger guaranty of its truth than his oath. His Honor’s charge, and the application of the rule, put the plaintiff in this predicament : If the testimony is true, the plaintiff caunot recover, because the land belongs to the witness. If the testimony in regard to the date of the deed is not true, and the plaintiff discredits the witness, by showing that it was antedated, inasmuch as the deed was made to the witness, and he knew its true date, he is thereby shown to be perjured and false, and being so in this particular, the jury must reject the whole of his testimony, and not even give credit to that part in which he swore
 
 against his interest ;
 
 and so the plaintiff' cannot recover, because he has no proof t-hat Cox was in possession as the tenant of the witness; and the only way in which the jury can find for the plaintiff, is by coming to the conclusion, that the deed, un
 
 *324
 
 der which the witness was attempting to hold the land, was
 
 antedated by mistake.
 

 I think there should be a
 
 venire de novo.
 

 Per Curiam. . Judgment affirmed.