### J. J. CARSON v. M. O. BLOUNT.

(Filed 27 September, 1911.)

1. **Evidence—Goods Sold and Delivered—Memoranda—Corroboration.**

   In an action to recover the price of cotton seed sold and delivered, it is competent in corroboration of the witness of defendant to introduce the seed book of defendant showing prices paid by the defendant for seed during the time in question, when the entries had been made by the witness himself.

2. **Evidence, Corroborative—Goods Sold and Delivered—Market Price—Different Points.**

   In an action to recover for cotton seed sold and delivered, it is competent, in corroboration of defendant's evidence as to the market price at the time, to show the market price at a certain other point, only six miles distant by rail, as tending to establish the general market price in that section of the country.

3. **Evidence—Similar Contracts—Corroboration—Inference.**

   The plaintiff sued for an alleged contract price of cotton seed sold and delivered to the defendant during a certain period of time, claiming that the defendant had agreed to pay therefor at the market price on any day that plaintiff should call for a settlement. The defendant, on the contrary, claimed that he was to pay for the cotton at the market price at the date of delivery: *Held*, evidence was competent to show that defendant had made a similar contract with plaintiff's witness, to induce which the defendant told the witness he had shipped the plaintiff's cotton also, it being a circumstantial fact from which an inference may be drawn tending to corroborate the plaintiff's version of the contract.

APPEAL from *Ferguson, J.,* at May Term, 1911, of PITT.

Civil action, brought to recover damages for an alleged breach of contract in the sale of cotton and cotton seed. These issues were submitted:

1. Is the defendant indebted to the plaintiff on account of the cotton, as alleged; if so, in what amount? Answer: No.

2. Is the defendant indebted to the plaintiff on account of the cotton seed, as alleged; if so, in what amount? Answer: No.

From the judgment rendered, plaintiff appealed.

*Harry Skinner, Julius Brown, and F. G. Harding for plaintiff.*

*F. G. James & Son and Albion Dunn for defendant.*

BROWN, J.   The complaint sets out two distinct causes of action:   (1) Breach of contract on account of certain cotton sold to defendant by plaintiff.   (2) Breach of contract on account of certain cotton seed sold to defendant by plaintiff.

We will consider the second cause of action first.   The plaintiff contends that he delivered 946 bushels of cotton seed to the defendant during the fall of 1909 under agreement that settlement would be made therefor on any day called for by plaintiff at the market price on such day; that he demanded settlement on 28 December, 1909, when the market price of seed was 55 cents per bushel, but received therefor only the sum of 45 cents, and brings this action to recover the difference.   The defendant admits the purchase of the seed, but denies that he agreed to take the seed on the terms contended by plaintiff. Defendant avers that he agreed to take the seed and pay plaintiff the market price for same as they were delivered and allow him 50 cents per ton in addition; that from the opening of the market there was a gradual rise in the price of seed during the fall; that plaintiff became dissatisfied with the contract as made, and that on 8 December, in order to settle the controversy, he offered to give and plaintiff accepted 45 cents per bushel for all seed delivered to that time; that this was the market price on this day, and plaintiff was given credit as of that day for said seed.

Upon this cause of action two errors are assigned:

First.   In that the court committed error in permitting the defendant to introduce the seed book of defendant, showing the prices paid by defendant for cotton seed during the fall and winter of 1909 and 1910, and permitting the witness Boroughs to testify to same over the objection of plaintiff.   This exception cannot be sustained.   The entries in the book were made by Boroughs himself, and it was competent to use them to corroborate that witness.   This has been frequently decided.   *Neil v. Childs,* 32 N. C., 195; *Davenport v. McKee,* 94 N. C., 326; Greenleaf Ev., sec. 436 *et seq.*

But as the contest was over the price to be paid for the seed, and not over the quantity delivered, we fail to see the materiality of the evidence.

Second. In that the court committed error in permitting defendant's witness, Ashburn, manager of Conetoe Oil Mills, over the objection of the plaintiff, to testify to the market price of cotton seed at Conetoe during the course of the fall season of 1909, after the witness had previously stated that he .did not know the price of cotton seed at Bethel. It is admitted that Conetoe is on same railway and only six miles from Bethel. We think the evidence competent to establish the general market price of cotton seed in that section of the country and to corroborate defendant's contention that it did not exceed 45 · cents per bushel on 8 December, at Bethel. It is not conclusive evidence of the price at the latter place. We find no error in the trial of the second cause of action.

As to the first cause of action, there is only one assignment of error, viz., in that the court committed error in excluding the following testimony of plaintiff's witness, R. D. Whitehurst: "That in the fall of 1909 witness had conversation with defendant about Carson's cotton, in which defendant told witness he had shipped Carson's cotton. Blount said to me, 'You are putting your cotton in the yard and letting it rot. I have got a proposition for you. Instead of letting your cotton lie in the yard and rot, I will take it and ship it and give you weights and grades and ship it to Norfolk, you pay storage and freight, and you can close out any day you please at Norfolk prices. I have shipped J. J. Carson.' "

The plaintiff contends that the defendant agreed to pay him the Norfolk market price for his cotton on any day plaintiff wished to close it out; that defendant misrepresented the Norfolk price and settled for 23 bales at 15 1-8 cents per pound, when in fact on that day the Norfolk market price was 16 1-4 cents per pound.

The defendant denies the contract as well as the misrepresentation.

The evidence was excluded upon the ground that it was irrelevant and tended to prove nothing. It is said in 16 Cyc.,

939 : "A voluntary and certain statement, oral or written, of the existence of any relevant matter of fact is competent evidence against the party by whom or by whose authority it is made, as a fact tending to show the truth of the statement."

This is not an attempt to prove that because A. made a contract with B. for the sale of his cotton on a certain date he therefore made a similar contract with C. because made on same date and concerning the same subject-matter. *Thompson v. Exum,* 131 N. C., p. 111.

The plaintiff contends that in talking to Whitehurst about shipping his cotton it was irrelevant and unnecessary to refer to the shipment of Carson's cotton unless for the purpose of producing on Whitehurst's mind the impression that the defendant had shipped Carson's cotton on the same terms then offered Whitehurst.

We think the inference a legitimate one, and while the jurors may or may not draw it, the evidence should have been submitted for what it is worth.

This conversation with Whitehurst is not exactly substantive evidence, which standing alone would be sufficient to support a verdict, but it is a circumstantial fact from which an inference may be drawn tending to corroborate the plaintiff's version of the contract.

As pertinently said by counsel in their brief : "What did Blount mean if not that he had shipped J. J. Carson's cotton on the same terms which he was then offering witness? It might have meant a great deal to the witness that defendant had offered the same proposition to the plaintiff, or any other man of good judgment, and that it had been accepted; but without this meaning, does the statement made under the existing circumstances amount to anything? And if we, in simple manner, reason thus, why not the jury?"

We think the court erred in excluding the evidence, for which error we direct a new trial upon the first issue. Let the costs of this Court be equally divided.

Partial new trial.