STATE OF NORTH CAROLINA v. GEORGE T. BURGESS, JR.

No. 6814SC253

(Filed 23 October 1968)

1. **Criminal Law § 34— evidence of criminal record**

   In a prosecution for forgery and uttering a forged instrument, the court erred in admitting testimony concerning defendant's prior criminal record where defendant offered no evidence and did not testify in his own behalf.

2. **Criminal Law § 162— failure to object at trial**

   In a prosecution for forgery and uttering a forged instrument, the competency of the identification and introduction of pistols taken from defendant's briefcase and ammunition found in defendant's automobile is not presented on appeal where there was no objection at the trial to the admission of such evidence.

APPEAL by defendant from *Hall, J.,* 5 February 1968 Criminal Session of DURHAM Superior Court.

The defendant was indicted, pleaded not guilty, and upon trial the jury returned a verdict of guilty in a two-count indictment of unlawfully and feloniously forging and uttering a check with intent to defraud. On trial, the evidence of the State tended to show that the defendant, together with an accomplice, filled in the blanks on some stolen checks and cashed them at a clothing and jewelry store in the city of Durham. The evidence also tended to show that the checks were stolen in Richmond and partially completed there and that the defendant came to Durham with the avowed purpose of passing the forged checks, and that the checks were completed on their face by the defendant and were endorsed and cashed by the co-defendant, Ross Robert Allea, who entered a plea of guilty.

*Attorney General Thomas Wade Bruton by Assistant Attorney General Bernard A. Harrell for the State.*

*Norman E. Williams for defendant appellant.*

MALLARD, C.J.

[1] In his brief, the defendant asserts that there are four questions presented by his appeal. Only one of these questions is necessary to the disposition of this appeal. It is: Did the court err in allowing the jury to hear testimony concerning the prior criminal record of the defendant when he offered no evidence and did not testify in his own behalf?

During the course of the trial, the solicitor was questioning co-defendant Ross Robert Allea, and the following occurred:

"Q. What, if anything, else did the defendant tell you about himself which led you to believe that he was a person of such experience that you all could carry this off successfully?

A. Well, he was bragging about killing his wife.

OBJECTION.

SUSTAINED.

A. He told me about his previous criminal record, that he had been in prison for several years on several counts.

OBJECTION.

OVERRULED."

The Attorney General with commendable frankness admits in his brief "that the one sentence referred to in the evidence does not appear to be readily relevant to the issues in the case" and that "ordinarily, the admission of such testimony into evidence would undoubtedly constitute fatal and prejudicial error." However, the Attorney General seeks to distinguish this case on the grounds that the admission of this testimony did not constitute prejudicial error. While we agree with the initial contentions of the Attorney General, we are unable to agree with the latter.

In *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364, we find the following: "Since evidence of other crimes is likely to have a prejudicial effect on the fundamental right of the accused to a fair trial, the general rule of exclusion should be strictly enforced in all cases where it is applicable." The present case is a case where strict enforcement of the general rule of exclusion should be strictly adhered to. Here, it would appear that the testimony of his prior criminal record was incompetent and calculated to prejudice the minds of the jurors against the defendant. Where prejudicial and incompetent evidence has been admitted, a new trial will be awarded. *State v. Rinaldi*, 264 N.C. 701, 142 S.E. 2d 604.

[2] The other question we discuss which defendant attempted to raise relates to the identification and introduction of two pistols and some ammunition. The defendant was being tried for forgery and uttering a forged instrument. The evidence tended to show that the defendant had the pistols in his briefcase, and the ammunition was found in the car in which the defendant was riding. The evidence does not show, or infer, that these pistols and this ammunition had any connection with the crimes for which the defendant was being tried. The defendant contends that their admission in evidence was prejudicial error. If anyone, except when on his own premises, shall

wilfully and intentionally carry concealed about his person any pistol or other deadly weapon, he shall be guilty of a misdemeanor. G.S. 14-269. The defendant was not being tried for a violation of this statute. However, the defendant did not make proper objection to the identification and introduction of the pistol and ammunition and, therefore, these questions are not properly presented for decision on the record. Since the case goes back for a new trial, we deem it proper to discuss this phase of the case.

It is established law in North Carolina that "the competency of evidence is not presented when there is no objection or exception to its admission." 7 Strong, N. C. Index 2d, Trials, § 15, p. 277 (1968).

The other questions presented by the defendant are not discussed for the reason that they may not occur on a new trial.

New trial.

CAMPBELL and MORRIS, JJ., concur.