STATE OF NORTH CAROLINA v. WADE McCRAY, JR.

No. 7210SC569

(Filed 2 August 1972)

1. **Constitutional Law § 32— right to counsel — written waiver**

In a prosecution charging defendant with breaking and entering, larceny and receiving stolen goods, the trial judge did not err in concluding, after a *voir dire* hearing, that defendant had properly waived his constitutional rights to counsel and against self-incrimination at an in-custody interrogation where the evidence showed that defendant had been warned, both orally and in writing, of his constitutional rights and that defendant had voluntarily and understandingly signed a written waiver of these rights.

2. **Criminal Law § 73— hearsay evidence — telephone call made by defendant**

A police officer could properly testify to what he overheard the defendant say while defendant was making a telephone call after he had been taken into custody.

3. **Constitutional Law § 37; Searches and Seizures § 2— waiver of right to be free from searches and seizures**

Defendant's claim that his home was searched without his consent was untenable where the trial judge found on *voir dire* that defendant and his mother freely, voluntarily, intentionally, intelligently and in writing consented to a search of the premises.

4. **Criminal Law § 162— general objection to testimony competent in part**

When defendant objected before the witness had completed answering a question and moved to strike without indicating specifically which part of the testimony he found objectionable, the trial court did not err in denying the motion to strike, since some of the testimony was clearly competent and not prejudicial.

5. **Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence to overrule motion for nonsuit**

In a prosecution for breaking and entering and larceny of goods from three places of business, the State's evidence was sufficient to withstand a motion for nonsuit where it tended to show that three businesses had been broken into and goods had been stolen therefrom; the defendant admitted having stolen the goods found in a home where he lived with his mother and her boyfriend; some merchandise stolen from all three businesses was found in that home; the defendant admitted breaking into one of the businesses and in a statement to officers absolved his mother and her boyfriend of any participation in the crimes.

APPEAL by defendant from *Godwin, Judge,* 31 January 1972 Special Criminal Session of Superior Court held in WAKE County.

Defendant was charged in each of three bills of indictment with the felonies of breaking and entering, larceny, and receiving stolen goods knowing them to have been stolen. In the bill of indictment in case No. 71CR54422, the three crimes were alleged to have been committed on 21 October 1971 at 127 East Martin Street in Raleigh. In the bill of indictment in case No. 71CR53692, the three crimes were alleged to have been committed on 3 October 1971 at 112 East Hargett Street in Raleigh. In the bill of indictment in case No. 71CR53691, the three crimes were alleged to have been committed on 21 October 1971 at 224 South Blount Street in Raleigh.

The three cases were, by consent, consolidated for trial and tried on the first two charges in each bill of indictment. On 3 February 1972, the jury found the defendant guilty of breaking or entering, and larceny, as charged in case No. 71CR53691; guilty of breaking or entering, and larceny, as charged in case No. 71CR53692; and guilty of breaking or entering, as charged in case No. 71CR54422. Prison sentences were imposed and the defendant appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Assistant Attorney General Satisky for the State.*

*Ralph McDonald for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant's first assignment of error is that the trial judge erred in finding and concluding after a voir dire hearing that the defendant had properly waived his constitutional rights to counsel and against self-incrimination at an in-custody interrogation and in subsequently admitting into evidence certain inculpatory statements made by the defendant to police officers. This assignment of error is overruled. The evidence before the trial judge on the voir dire hearing, among other things, was that the defendant had been warned, both orally and in writing, of his constitutional rights as required in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602, 10 A.L.R. 3d 794 (1966), that the defendant had voluntarily and understandingly signed a written waiver of these rights (which was in evidence) and that at the time of this waiver he was not under the influence of intoxicating liquor as contended by defendant.

State v. McCray

[2]   Defendant's second assignment of error is that the trial judge erred in allowing a police officer to testify to what he had overheard the defendant say while defendant was making a telephone call. At the time the defendant was in custody, he had asked to be permitted to use the telephone and was allowed to do so. The officer testified he overheard the defendant talking on the telephone and that "(h)e stated on the phone that he had other merchandise which was hot in his house at 310 South Bloodworth Street and that he did not know whether or not he would be home, because he would probably going to be busted again." This evidence was admissible. Thereafter, according to the State's evidence, the defendant said to the investigating officer, "I am the one responsible for all of the merchandise and not my mother, Mary Frances McCray, or her boy friend, Willie Lee Short. They did not know that this merchandise was hot. I am the one who stole it and I do not want them to be involved." Furthermore, the defendant was found to have freely and voluntarily repeated the substance of his telephone conversation to the officer. It was not prejudicial error to admit the testimony of the officer as to what he heard the defendant say over the telephone.

[3]   The defendant's third and fourth assignments of error are that the trial court erred in finding that the defendant had consented to a search of his residence, and also in the subsequent admission of the results of the search. This assignment of error is overruled. The defendant and his mother signed a written consent for the officers to search their premises. The judge found on voir dire, upon conflicting evidence, that the defendant, and also his mother, " . . . freely, voluntarily, intentionally and intelligently . . . waived their rights to be free from unreasonable searches and seizures and consented to a search of the premises . . . " where they lived.

[4]   The defendant's fifth assignment of error is that "(t)he Court below erred in overruling the defendant's motion to strike testimony regarding defendant's criminal record when the defendant had not testified." This assignment of error is based on defendant's exception number 18 which was taken during the re-examination of State's witness Kenneth Johnson and when the following occurred:

"Q. What did he say?

A. He stated that they did not know that this merchandise was hot, 'I am the one who stole it and I do not want

them to be involved. I gave my mother the T.V., and gave Willie Lee Short some clothing to wear, but they did not know where this merchandise came from. I broke into Jerome's Shoe and Clothing Store and took these items, but I am not going to give the names of anybody that was with me, I have been to prison before and don't mind going again. And, I know that you have a lot of cases that you want to put on me, but as I said, I don't mind going back to prison.' And, he refused to make any other—OBJECTION AND MOTION TO STRIKE BY MR. MCDONALD.

COURT: THE OBJECTION IS FOUNDED ON GROUNDS HERETOFORE ADVANCED? MCDONALD: THAT AND . . . .

COURT: IF THERE IS ANY OTHER OBJECTION THAT HAS NOT BEEN ADVANCED, I'LL BE GLAD TO CONSIDER IT.

MCDONALD: I'LL SAY YOUR HONOR, THAT IT'S IRRELEVANT AND NOT IN THE NATURE OF AN ADMISSION AND IT'S PREJUDICIAL TO THE DEFENDANT IN THIS CASE.

OBJECTION OVERRULED.

EXCEPTION NO. 18."

There was no objection to the question. The "objection and motion to strike" came before the witness had completed the sentence but after he had testified to some of the "other statements" the witness said the defendant had made. Some of these statements were clearly competent, and the defendant did not specify what portion of the answer of the witness he was moving to strike. In *State v. Ledford,* 133 N.C. 714, 45 S.E. 944 (1903), the Court said: "The objections are general, and the rule is well settled that such objections will not be entertained if the evidence consists of several distinct parts, some of which are competent and others not. In such a case the objector must specify the ground of the objection, and it must be confined to the incompetent evidence. Unless this is done he cannot afterwards single out and assign as error the admission of that part of the testimony which was incompetent. * * * "

In Stansbury, N. C. Evidence 2d, § 27, it is said: "The opponent must specify his ground of objection and the part of the offer to which it is applicable." See also, *Nance v. Telegraph Co.,* 177 N.C. 313, 98 S.E. 838 (1919).

"Objections to evidence *en masse* will not ordinarily be sustained if any part is competent." *State v. Brooks,* 260 N.C. 186, 132 S.E. 2d 357 (1963). In the case before us the defendant failed specifically to move to strike that part of the testimony relating to what the witness testified the defendant said about having "been to prison before" or "going back to prison," and therefore he does not properly present the question he seeks to present. Moreover, we think that under the factual circumstances of this case, the fact that the officer testified that the defendant told him that he had been to prison was not incompetent and prejudicial. See *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954) and 22A C.J.S., Criminal Law, § 683. The case of *State v. Burgess,* 2 N.C. App. 677, 163 S.E. 2d 662 (1968), cited by defendant, is distinguishable.

[5] The defendant's sixth assignment of error is to the failure of the trial judge to allow the defendant's motions for judgment of nonsuit. The evidence for the State tended to show that the three places of business described in the bills of indictment had been broken and entered and goods, wares and merchandise had been stolen therefrom; the defendant admitted to the officers that he stole the merchandise they found at the home where the defendant lived with his mother and his mother's "boy-friend"; some merchandise stolen from all three of the places of business was found in that home; the defendant admitted to the officers that he broke into one of the places and the defendant in his statement to the officers absolved his mother and her "boy-friend" of any and all participation in the crimes. The evidence was plenary and the trial court properly submitted the case to the jury.

We have carefully considered the defendant's assignments of error relating to the court's charge to the jury and are of the opinion that when the charge is read as a whole, no prejudicial error is made to appear.

The defendant's assignment of error that the trial court erred in overruling the defendant's motions in arrest of judgment, for a new trial, and to set the verdict aside are also overruled.

In the trial we find no prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.