State v. Pope

Judges MORRIS and PARKER concur.

---

STATE OF NORTH CAROLINA v. ELVIN CLAUDE POPE

No. 7420SC879

(Filed 19 February 1975)

Criminal Law §§ 90, 162— impeachment of own witness — general objection
　to testimony — part of testimony competent

The trial court did not err in the admission of a sheriff's testimony, including prior inconsistent statements made by a State's witness which constituted impeachment by the State of its own witness, where defendant objected to the sheriff's entire testimony and· part of the testimony was competent.

Judge CLARK dissenting.

APPEAL by defendant from *Winner, Judge.* Judgment entered 31 May 1974 in Superior Court, MOORE County. Heard in the Court of Appeals 17 January 1975.

Defendant was indicted and tried for the felonious larceny of one Lennox heat pump. A plea of not guilty was entered, and a verdict of guilty was returned.

The State offered evidence which tended to prove that defendant, his nineteen year old son Richie Nelson Pope, and Larry Martin removed a Lennox heat pump from the construction site of the O. J. Garrison house in Southern Pines. The three hauled the pump to another location in Southern Pines and later moved it to defendant's home east of Aberdeen. On 18 January 1974 defendant received a call from Don Tripp, a police officer with the Chapel Hill Police Department, who talked to defendant about purchasing the heating unit. Following the conversation, Tripp drove to defendant's home where defendant helped load the unit onto Tripp's truck. Tripp then paid defendant $450.00 for the unit. These negotiations were witnessed by an officer of the Moore County Sheriff's Department, who was parked on the side of the road some distance from defendant's house. After defendant had been paid, Tripp hauled the heat pump to the Moore County Sheriff's Department where it was examined. The serial number had been removed. However, the seller of the pump was able to identify the pump, by virtue of peculiar work he had performed on it, as being the same pump that had been sold to the Garrisons.

Defendant denied ever having had a telephone conversation with Tripp, but admitted helping Tripp load the unit onto the truck. Defendant further denied ever having discussed the sale of the unit with Tripp or ever having received any money from Tripp. He maintained that Larry Martin left the heat pump in his yard, where it remained three or four days before Tripp picked it up. Sheriff C. G. Wimberly of the Moore County Sheriff's Department, who had testified earlier for the State, was apparently called as a witness by defendant. Wimberly testified that defendant had told him that he discovered the heat pump in a field while hunting rabbits. The unit was camouflaged by pine straw.

After the jury returned its verdict of guilty, a sentence of ten years was imposed. Defendant appeals.

*Seawell, Pollock, Fullenwider, Van Camp & Robbins, by Bruce T. Cunningham, Jr., for the defendant-appellant.*

*Attorney General Edmisten, by Assistant Attorney General Keith L. Jarvis, for the State.*

BROCK, Chief Judge.

In his sole assignment of error, defendant asserts that the trial court committed reversible error when it allowed the State to impeach its own witness, Richie Nelson Pope, by introducing evidence of prior inconsistent statements made by him.

In *State v. Tilley,* 239 N.C. 245, 79 S.E. 2d 473 (1954), Justice Ervin acknowledged that the rule prohibiting a party from impeaching his own witness was roundly condemned by commentators on the law of evidence, but upheld the rule as being sound in this State and as having received legislative recognition. In its latest pronouncement on this doctrine, the Supreme Court, in *State v. Anderson,* 283 N.C. 218, 195 S.E. 2d 561 (1973), stated: "This rule, unchanged as to criminal cases, still precludes the solicitor from discrediting a State's witness by evidence that his general character is bad or that the witness had made prior statements inconsistent with or contradictory of his testimony." 283 N.C. at 224. Defendant contends that this doctrine controls the disposition of his appeal.

As acknowledged by the Supreme Court, *State v. Anderson, supra,* the rule that one may not impeach his own witness was modified in respect of civil cases by the adoption of G.S. 1A-1, Rule 43(b) of the North Carolina Rules of Civil Procedure. *See generally* 1 Stansbury, N. C. Evidence, § 40 (Brandis rev. 1973). Although the modification of the rule in the civil area has not been carried over by legislative enactment to the criminal area, Dean Brandis notes that "[t]he change on the civil side seems to offer the Court an admirable opportunity to apply the basic principle of the Civil Rules to criminal cases." 1 Stansbury, N. C. Evidence, § 40 (Brandis rev. 1973).

The rule that defendant contends is dispositive of this appeal is grounded on three bases: a party is bound by his witness' statements; a party guarantees his witness' credibility; a party ought not to have the means to coerce his witness. 3A Wigmore, Evidence §§ 897-899 (Chadbourne rev. 1970). The first basis is no longer defended, *State v. Tilley, supra* at 251; the second is "merely the last remnant of the broad primitive notion that a

party must stand or fall by the utterances of his witness," 3A Wigmore, Evidence § 898 (Chadbourne rev. 1970) ; the third "cannot appreciably affect an honest and reputable witness," and consequently is said to be "of trifling practical weight." 3A Wigmore, Evidence § 899 (Chadbourne rev. 1970). While we will not undertake an in-depth discussion of the rule, we acknowledge the copious literature by eminent commentators who refute the utility of this rule. *See generally* 3A Wigmore, Evidence §§ 896-918 (Chadbourne rev. 1970) ; McCormick on Evidence, § 38 (1972) ; Ladd, *Impeachment of One's Own Witness— New Developments,* 4 U. Chi. L. Rev. 69 (1936) ; Hauser, *Impeaching One's Own Witness,* 11 Oh. St. L. J. 364 (1950) ; Comment, 49 Va. L. Rev. 996 (1963) ; Note, 9 N. C. L. Rev. 41 (1931).

In this case defendant argues that the State attempted to impeach Richie Pope, the defendant's son, by introducing evidence of certain prior inconsistent statements. When Richie Pope took the stand, he immediately disavowed any knowledge of his father's involvement in the theft of the heat pump. He did admit, however, that he had talked to Sheriff Wimberly about the theft of the heat pump. The solicitor then propounded questions to Richie Pope based on what Pope had told Wimberly. Richie Pope responded only by stating that he could not recall or could not remember. Immediately after Richie Pope stepped down, Sheriff Wimberly took the stand and testified as to certain prior inconsistent statements made by Pope. Although impeachment of one's own witnesses through the use of prior inconsistent statements is the most important type of impeachment, McCormick on Evidence, § 38 (1972), it is not recognized in this jurisdiction. *See State v. Norris,* 2 N.C. 429 (1796) ; *Sawrey v. Murrell,* 3 N.C. 397 (1806) ; *Neil v. Childs,* 32 N.C. 195 (1849) ; *Hice v. Cox,* 34 N.C. 315 (1851) ; *State v. Taylor,* 88 N.C. 694 (1883) *(disapproving State v. Norris, supra); State v. Bagley,* 229 N.C. 723, 51 S.E. 2d 298 (1949) ; *State v. Tilley,* 239 N.C. 245, 79 S.E. 2d 473 (1954) ; *Moore v. Moore,* 268 N.C. 110, 150 S.E. 2d 75 (1968) ; *State v. Anderson, supra.*

At the conclusion of Wimberly's direct examination, defendant objected generally and moved to strike his entire testimony. The trial court denied this motion. Although part of Wimberly's testimony concerned prior inconsistent statements made by Richie Pope, the remainder of his testimony was not

objectionable, but was competent and admissible. We believe that the trial court's ruling was correct.

When objections are general, "the rule is well settled that such objections will not be entertained if the evidence consists of several distinct parts, some of which are competent and others not. In such a case the objector must specify the ground of the objection, and it must be confined to the incompetent evidence." *State v. Ledford,* 133 N.C. 714, 722, 45 S.E. 944, 947 (1903). The Supreme Court, in *Nance v. Telegraph Co.,* 177 N.C. 313, 98 S.E. 838 (1919), furthermore stated:

> "[I]t will be observed that at least some of [the testimony] was clearly admissible, and the objection must fail, for where a part of testimony is competent, although the other part of it may not be, and exception is taken to all of it, it will not be sustained. Defendant should have separated 'the good from the bad,' and objected only to the latter, as the objection must be valid as to the whole of the testimony. We will not set off the bad for him and consider only that much of it, upon the supposition that his objection was aimed solely at the incompetent part. He must do that for himself. This is the firmly established rule." 177 N.C. at 315.

Defendant, in this case, failed to confine his objections to the parts of Wimberly's testimony that he considered both inadmissible and as constituting impeachment of the State's own witness. Upon proper objection and request, the defendant was entitled to have Wimberly's testimony limited and restricted. *See generally State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721 (1974); *State v. McCray,* 15 N.C. App. 373, 190 S.E. 2d 267 (1972); *State v. Hill,* 6 N.C. App. 365, 170 S.E. 2d 99 (1969); *Brown v. Green,* 3 N.C. App. 506, 165 S.E. 2d 534 (1969). In the absence of a proper objection, however, the admission of Wimberly's entire testimony was not error.

No error.

Judge BRITT concurs.

Judge CLARK dissenting:

Other than his name, his office, and his time spent in law enforcement work, the testimony of Sheriff Wimberly related

to the impeachment of defendant's son. Under the circumstances, I think that the "en masse" motion to strike was adequate without request for limitation and restriction. However, the majority makes such a convincing argument for judicial modification of the judicially created rule prohibiting a party from impeaching his own witness that I favor the modification of the criminal rule to conform to the rule in civil cases, G.S. 1A-1, Rule 43 (b), and I would prefer to apply the rule as so modified to this case.